James **CRAWFORD**, for himself and for Deuel (Hap) Veerkamp, Plaintiff,

v.

**WEST INDIA CARRIERS, INC.,**
Defendant.

**HASAM REALTY CORP.**, Plaintiff,

v.

**TUG EL MULO GRANDE,** her engines, etc., Twenty Grand Offshore, Inc., Non-propelled **WISCO RANGER,** her tackle, etc., West India Carriers, Inc., Defendants.

In re Complaint of **TWENTY GRAND OFFSHORE, INC.,** etc., in an action for exoneration from or limitation of liability, Plaintiff-Petitioner.

Civ. Nos. 70–231, 70–342 and 70–591.

United States District Court,
S. D. Florida.

Aug. 24, 1972.

See also D.C., 337 F.Supp. 262.

Richard F. Ralph of Ralph & Boyd, Miami, Fla., for West India Carriers.

Morton Good of Smathers & Thompson, Miami, Fla., for Twenty Grand Offshore.

### ORDER

FULTON, Chief Judge.

This cause is presently before this Court on Petitioner Twenty Grand Offshore, Inc.'s Motion for New Trial and/or Reconsideration and Alteration and/or Modification of Findings of Fact filed and served on February 11, 1972, and its Motion for Relief Pursuant to Rule 60(b) (1) and (6) filed and served on May 30, 1972.

The Court has considered the entire record, including the various exhibits and affidavits attached to the Petitioner's Rule 60(b) motion. Final Judgment was entered by this Court and docketed by the Clerk of the Court on January 31, 1972. The Clerk mailed a conformed copy of that Final Judgment to all parties on January 31, 1972; however, on the copy mailed to Petitioner's counsel, the Clerk's docketing stamp was smudged and indiscernible to the extent that it was impossible to ascertain the date of entry of that Final Judgment. The docketing clerk in the offices of Petitioner's counsel through mistake and inadvertence made entries on its calendar that post-trial motions pursuant to Rules 52 and 59 must be filed by February 11, 1972, which is 11 days subsequent to the entry of Final Judgment, rather than the 10 days prescribed by the rules. The parties opposing Petitioner responded to the motion on the merits on February 28, 1972, and this Court took no action whatsoever respecting that motion until a considerable period of time later, and subsequent to the running of the time for filing a notice of appeal or for requesting the Court for an extension of time to file a notice of appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, at which time the Court and the parties first became aware of the one day mistake. It does not appear that as a result of the one day delay in the filing of the Motion for New Trial and/or Reconsideration any of the parties have been prejudiced to any extent, and the primary cause for any delays has been the Court's own delay in acting upon the pending motion. Clearly, Petitioner's Motion for New Trial and/or Reconsideration, although not timely filed as a Rule 52 and/or Rule 59 motion, was filed well within the period of appeal, and had the Court promptly acted, a timely notice of appeal could have been filed.

This Court is of the view that through mistake and inadvertence, Petitioner filed its Motion for New Trial and/or Reconsideration one day late and that under the facts recited in Petition-

er's Motion for Relief Pursuant to Rule 60(b), if there ever was a situation constituting excusable neglect, as that term is used in 60(b) (1), such has been established in this record. The Court remains of the opinion that its initial rulings in its Findings of Fact, Conclusions of Law, and Final Judgment are proper. Accordingly, it is

Ordered, adjudged and decreed, that Petitioner's Motion for Relief Pursuant to Rule 60(b) (1) of the Federal Rules of Civil Procedure be and the same is hereby granted, and having granted such relief, this Court does hereby deem Petitioner's Motion for New Trial and/or Reconsideration to have been timely filed so as to stay the running of the time within which to file a notice of appeal from those Findings of Fact, Conclusions of Law, and Final Judgment; and it is further

Ordered, adjudged and decreed, that Petitioner's Motion for New Trial and/or Reconsideration and/or Alteration and/or Modification of Findings of Fact and Conclusions of Law be and the same is hereby denied on its merits.