Dutta SESHACHALAM, Appellant,

v.

CREIGHTON UNIVERSITY SCHOOL OF
MEDICINE, Appellee.

No. 76–1949.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 24, 1976.
Decided Dec. 13, 1976.

Benjamin M. Wall, Omaha, Neb., for appellant.

Lyle E. Strom and C. L. Robinson, Omaha, Neb., for appellee.

Before HEANEY, STEPHENSON and
HENLEY, Circuit Judges.

PER CURIAM.

The appellee has moved to dismiss this appeal on the basis of appellant's failure to file a timely notice of appeal. We postpone ruling on the motion and remand the case to permit the appellant to request the district court to accept nunc pro tunc the notice of appeal filed on October 1, 1976, on grounds of excusable neglect.

The district court's [1] order and judgment was filed on August 9, 1976. On August 13 appellant filed and served a motion for reconsideration, which was denied by the district court on August 24, 1976. On August 31, 1976, appellant filed and served a motion for new trial, which was denied on September 29, 1976, as being untimely filed. Appellant then filed his notice of appeal on October 1, 1976.

Rule 4(a), F.R.A.P., provides that notice of appeal in civil cases must be filed within 30 days of the entry of the judgment or order appealed from. The running of the 30 day period is tolled only by the timely filing of motions under Fed.R.Civ.P. 50(b), 52(b) or 59. Appellant filed a motion for reconsideration four days after entry of judgment. Although entitled a motion for reconsideration, the motion drew in question the correctness of the judgment. Therefore, it was functionally a motion under Fed.R.Civ.P. 59(e). *See Hicklin v. Edwards,* 222 F.2d 921, 922 (8th Cir. 1955); *Sea Ranch Ass'n v. California Coastal Zone Conservation Comm'ns,* 537 F.2d 1058, 1061 (9th Cir. 1976); 9 Moore's Federal Practice ¶ 204.12[1], at 951 (2d ed. 1975). Since the motion for reconsideration was served within ten days of the entry of judgment, it tolled the time for filing the notice of appeal. As a consequence, the 30 day period for filing the notice of appeal did not begin running until August 24, 1976, when the district court denied the motion for reconsideration. The last day of the 30 day

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

period for filing the notice of appeal was September 23, 1976. Since appellant filed the notice of appeal on October 1, 1976, it was not timely filed.

Appellant contends his second post-judgment motion, a motion for new trial, tolled the time for filing the notice of appeal. The motion for new trial was filed and served on August 31, 1976, outside of the ten day period imposed by Fed.R.Civ.P. 59(b). Therefore it was not timely. It follows that the motion for new trial did not toll the appeal time. 6A Moore's Federal Practice ¶ 59.09[3], at 59–209–211 (2d ed. 1975).

Appellant requests, should this court hold that the notice of appeal was not timely filed, that he be allowed to seek from the district court an extension of time within which to file the notice of appeal on the grounds of excusable neglect, as is allowed by the last paragraph of F.R.A.P. 4(a). It is our view that under all the circumstances such permission should be granted. *Compare Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach,* 525 F.2d 1179, 1183 (8th Cir. 1975). *Cf. Cline v. Hoogland,* 518 F.2d 776 (8th Cir. 1975).

We therefore remand this case to the district court to give appellant the opportunity to request that the district court accept nunc pro tunc the notice of appeal filed on October 1, 1976, on grounds of excusable neglect. Until such determination, action on the motion to dismiss will be deferred.

Remanded.