**Carmen WILLIAMS, Petitioner,**

**v.**

**Dorothy ARN, Supt., Respondent.**

**No. C85–500A.**

United States District Court, N.D. Ohio, E.D.

Feb. 9, 1987.

Dean Carro, Appellate Review Office, School of Law, University of Akron, Akron, Ohio, for petitioner.

Christine Manuelian, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## ORDER

DOWD, District Judge.

On June 13, 1986, the Court issued a memorandum opinion and judgment entry denying petitioner Carmen Williams's petition for habeas corpus relief. The petitioner filed her notice of appeal with the Court on July 18, 1986. Thus, the petitioner filed her notice of appeal five days beyond the 30 day limit prescribed in Federal Rule of Appellate Procedure 4(a)(1). In addition, it appears that counsel for the petitioner did not become aware of the untimely filing until August 13, 1986. Under Rule 4(a)(5), the petitioner's additional 30–day period in which to file a motion for an extension of time expired on August 12, 1986.

Counsel for the petitioner has attested to the following as the basis for the petitioner's three-pronged motion for relief:

1. I am counsel of record for Ms. Carmen Williams in the case presently pending before this Court. The Notice of Appeal in the case of *Williams v. Arn,* No. 86–3711, was not timely filed and no motion for extension of time was made due to the fact that I believed the time stamp on the Memorandum Opinion of Judge Dowd in the United States District Court, Northern District of Ohio, Eastern Division, appeared to be June 18, 1986.

2. Believing that the time stamp stated June 18, 1986, I calculated that the date for filing the Notice of Appeal was July 18, 1986.

3. I filed the Notice of Appeal in the District Court on July 18, 1986, within the 30–day time limitation imposed

by Appellate Rule 4(a), based on my mistaken belief that the Order was time-stamped June 18, 1986.

4. Upon receiving the Memorandum Opinion of the District Court, I prepared the Notice of Appeal for filing on July 18, 1986. The Notice of Appeal was prepared for filing before the District Court sent the docket sheet to me stating June 13, 1986, as the true filing date of the Memorandum Opinion.

The Court has provided a copy of the first page of the memorandum opinion as "Appendix A."

## MOTIONS

The petitioner has raised several arguments designed to convince the Court to determine that the notice of appeal filed on July 18, 1986 was actually timely filed. First, the petitioner requests the Court to consider the motion filed on December 22, 1986 as a motion for an extension of time to file the notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), and find that the late filing of the notice of appeal was the result of excusable neglect. Second, the petitioner requests the Court to enter an order *nunc pro tunc* finding that the petitioner timely filed her notice of appeal on July 18, 1986. Third, the petitioner requests the Court to grant relief under Federal Rule of Civil Procedure 60(b)(1). The petitioner requests the Court to find that the late filing resulted from inadvertence or excusable neglect, vacate the Court's June 13, 1986 judgment, and reenter judgment *nunc pro tunc* as of June 18, 1986.

### *Rule 4(a)(5)*

Federal Rule of Appellate Procedure 4(a)(1) provides that a party who wishes to appeal a decision by the district court must file its notice of appeal with the Clerk of the District Court within 30 days after the date of the entry of the judgment or order appealed from. Rule 4(a)(5) outlines the circumstances under which the district court may extend the time for filing a notice of appeal beyond that allowed in Rule 4(a)(1):

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).... No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Fed.R.App.P. 4(a)(5).

Prior to the amendment of the appellate rules of procedure in 1979, most courts, including those in the Sixth Circuit, would consider a notice of appeal filed beyond the 30 day period prescribed in Rule 4(a)(1), but within the time to which a court could extend the period of time for filing a notice of appeal prescribed in Rule 4(a)(5), as a motion for an extension of time. If the party filing the notice of appeal could demonstrate good cause or excusable neglect for the failure to file the notice of appeal within the initial 30–day period, the court would consider the notice of appeal timely filed. *See, e.g., Moorer v. Griffin*, 575 F.2d 87, 89–90 (6th Cir.1978); *Reed v. Michigan*, 398 F.2d 800, 801 (6th Cir.1968). The amendment of the Appellate Rules tightened up the language in Rule 4(a)(5). Courts now interpret Rule 4(a)(5) to require the appealing party to file a motion for extension of time pursuant to Rule 4(a)(5) before a court will determine whether good cause or excusable neglect exist to allow a late filing of a notice of appeal; the courts no longer consider a late notice of appeal to be the equivalent of a motion for an extension of time. *Pryor v. Marshall*, 711 F.2d 63, 64–65 (6th Cir.1983).

The court entered its judgment on June 13, 1986. The petitioner failed to file her notice of appeal within 30 days of the date of the judgment. Petitioner filed her notice of appeal on July 18, 1986. The petitioner did not file a motion for an extension of time at any time during the 30 days after the time for filing the notice of appeal expired. The *Pryor* decision holds that

absent the filing of a motion for extension of time, or an allegation of excusable neglect or good cause in the late notice of appeal, the Court may not consider whether an extension of time is warranted. *Pryor,* 711 F.2d at 65. The strong language in the *Pryor* decision effectively removes the Court's ability to take the approach the petitioner requests. It should be noted that the *Pryor* decision involved a *pro se* prisoner, and in this case, counsel represents the petitioner. Accordingly, the Court denies the petitioner's request for relief under Rule 4(a)(5).

### Nunc Pro Tunc Entry

■ The petitioner cites two cases for the proposition that the Court may enter a *nunc pro tunc* ruling granting the petitioner an extension of time in which to file her notice of appeal: *Torockio v. Chamberlain Manufacturing Co.,* 456 F.2d 1084 (3rd Cir.1972); and *Seshachalam v. Creighton University School of Medicine,* 545 F.2d 1147 (8th Cir.1976). The Third Circuit has since distanced itself from the holding in *Torockio,* noting that the 1979 amendment to Rule 4(a)(5) "correct[ed] the ambiguity in the rule which *Torockio* was based on." *IUE AFL–CIO Pension Fund v. Barker & Williamson, Inc.,* 788 F.2d 118, 122 n. 1 (3d Cir.1986). In *Seshachalam,* a 1976 decision, the circuit court remanded the case "to permit the appellant to request the district court to accept *nunc pro tunc* the notice of appeal" that the appellant had untimely filed. The appellant had requested the appellate court to allow the district court to consider the untimely filed notice of appeal as a motion under Rule 4(a)(5) for an extension of time in which to file the notice of appeal. *Id.* at 1148. Thus, *Seshachalam* is a pre–1979 amendment case that allowed an untimely notice of appeal to substitute as a motion for extension of time. The Court finds that neither authority cited by the petitioner supports the proposition that this Court has the power to issue *nunc pro tunc* orders. Accordingly, the Court denies the petitioner's request for relief in the form of a *nunc pro tunc* order.

### Rule 60(b)(1)

The petitioner has also requested the Court to grant relief under Rule 60(b)(1). The petitioner requests the Court to vacate its previously issued June 13, 1986 final judgment, and to reinstate the judgment as of July 18, 1986 in order to make the petitioner's notice of appeal timely. Rule 60(b)(1) provides that the Court may "release a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect...." Fed.R.Civ.P. 60(b)(1).

The majority of the circuits that have addressed the issue have determined that Rule 60(b) relief is available to revive a lost right to appeal. *See Wallace v. McManus,* 776 F.2d 915 (10th Cir.1985); *Spika v. Village of Lombard,* 763 F.2d 282, 284–85 (7th Cir.1985); *Case v. BASF Wyandotte,* 737 F.2d 1034, 1035 (Fed.Cir.), *cert. denied,* 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984); *Wilson v. Atwood Group,* 725 F.2d 255, 257 (5th Cir.) *(en banc ), cert. dismissed sub nom. Stark v. Atwood Group,* 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984); *Hensely v. Chesapeake & Ohio Ry. Co.,* 651 F.2d 226, 229 (4th Cir.1981); *Buckeye Cellulose Corp. v. Braggs Electric Construction Co.,* 569 F.2d 1036, 1038 (8th Cir.1978); *Mizell v. Attorney General of New York,* 586 F.2d 942, 944 n. 2 (2d Cir. 1978), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979).

In *Rodgers v. Watt,* 722 F.2d 456 (9th Cir.1983) *(en banc ),* the court upheld the trial court's use of Rule 60(b)(1) to allow relief from judgment when neither the notice of appeal nor a motion for extension of time were filed within the time constraints prescribed under Appellate Rule 4(a)(5). In *Rodgers,* the clerk of the district court failed to notify the parties of the court's judgment entry after the court filed an order granting the defendant's motion for summary judgment in March of 1980. Plaintiffs' counsel sent his secretary to check the court's docket sheet in April, May, and June. Plaintiffs' counsel's secretary reported that the last entry on the

docket reflected the hearing on the motion for summary judgment conducted by the court. The docket clerk, however, had reversed the order of the hearing and the court's judgment entry when recording the events on the docket. Thus, the second to last entry on the docket reflected the court's judgment entry, and the last entry on the docket reflected the hearing the court conducted. The plaintiffs discovered the entry of judgment when the clerk's office formally advised parties in July that the court had entered judgment in March. At that time, the plaintiffs filed a motion for relief under Rule 60(b)(1).

The appellate court noted that the provisions for relief under Rule 4(a)(5) had expired by the time the plaintiffs had learned of the judgment entry, and that the failure of the clerk to notify the parties of the judgment entry does not affect the time to appeal or otherwise relieve a party for failure to file a timely appeal. The court noted, however, that Appellate Rule 4(a)(5) provides an escape hatch to plaintiffs who fail to file a timely notice of appeal from a judgment because of the clerk's failure to notify them timely. The court noted that using Rule 60(b)(1) might well conflict with the explicit time limitations provided by Rule 4(a)(5), but held that "Rule 4(a)(5) by its terms is inapplicable to situations when notice of the entry of judgment is not received until after the 30 day period authorized for the motion." *Id.* at 459. In other words, the court held that the strict provisions of Rule 4(a)(5) only apply when a party receives knowledge of the judgment entry with sufficient time in which to file a motion pursuant to Rule 4(a)(5), and "that Rule 60(b) is available in situations where the excusable neglect does not arise until after the 60–day period." *Id.*

Having held that Rule 60(b) relief is available despite the time constraints of Rule 4(a)(5), the court proceeded to determine whether the facts of the plaintiffs' case entitled them to relief under Rule 60(b)(1). The Court held that courts should consider whether the clerk's office had provided notice of the judgment, whether prejudice to the other party exists, whether the Rule 60(b) motion was promptly filed after actual notice of the late notice of appeal, and whether counsel exhibited due diligence in discovering the entry of judgment, in determining whether Rule 60(b) relief is available. Id at 460. The Court concluded that the first three factors were present, and then concluded that the nonchronological docketing of the entries by Clerk's office, and the secretary's attempt to check the docket, constituted due diligence and an adequate explanation for the failure to learn of the judgment. *Id.* at 461.

The Third Circuit, however, has rejected the use of Rule 60(b) as an alternative to strict adherence to the requirements of Rule 4(a)(5) for extending the time in which to file a notice of appeal. In *West v. Keve,* 721 F.2d 91 (3d Cir.1983), the district court entered judgment on June 11, 1982. On December 7, 1982, the plaintiff filed a motion pursuant to Rule 60(b) requesting the court to vacate its previous final judgment and establish a new final judgment date in order to allow the plaintiff to take a timely appeal. The district court granted the motion on January 6, 1983, and reinstituted the judgment in that same order on January 6, 1983. The plaintiff then filed a notice of appeal on February 2, 1983.

The *West* court addressed itself to whether a Rule 60(b) motion is appropriate in circumstances "where the sole stated purpose of the Rule 60(b) motion is to extend the time for appeal." *Id.* at 96. In analyzing the relationship between Rule 4(a) and Rule 60(b), the Court noted that Rule 4(a) is a specific procedural rule governing appellate practice, and that Rule 60(b) is a general procedural rule of applicability solely to the district courts. The Court noted the fundamental principle of statutory construction that specific language controls over general language, and observed that Rule 4(a) specifies the time within which a party may take an appeal. The Court also noted that allowing reliance on Rule 60(b) as an alternative to Rule 4(a) would effectively nullify the time extension provisions contained in Rule 4(a)(5) and

that courts should not construe competing statutes in a manner that will abrogate the provisions of one of the statutes. Thus, the Court held that "because the avowed purpose of the Rule 60(b) motion in this case was to extend the time for appeal, it had to meet the time limitations of Rule 4(a)." *Id.* at 97.

The Court concludes that Rule 60(b)(1) is available to revive a lost right of appeal due to the failure to file timely a notice of appeal or a motion to extend the time to file a notice of appeal. The courts that have allowed Rule 60(b) motions to extend the time for filing a notice of appeal have done so in situations where the mistake or excusable neglect rose out of an action taken by the district court or the district court clerk's office. The typical factual circumstance is one in which the clerk's office failed to provide notice of the Court's judgment entry to the parties. The courts have held that an error by the court or clerk's office, without more, is insufficient to amount to mistake or excusable neglect under Rule 60(b)(1). *See, e.g., Wilson v. Atwood Group,* 725 F.2d 255, 257 (5th Cir.) (*en banc*), *cert. dismissed sub nom. Stark v. Atwood Group,* 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984). Thus, the moving party must show more than the mere failure to receive notice of a judgment to receive Rule 60(b) relief.

The majority of the circuits have adopted a "due diligence" standard, and require the parties seeking Rule 60(b) relief to have taken steps to keep abreast of developments in the case, or to have taken steps to delay the entry of judgment. *Wallace v. McManus,* 776 F.2d 915 (10th Cir.1985); *Spika v. Village of Lombard,* 763 F.2d 282, 284–85 (7th Cir.1985); *Case v. BASF Wyandotte,* 737 F.2d 1034, 1035 (Fed.Cir. 1984), *cert. denied,* 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984); *Wilson v. Atwood Group,* 725 F.2d 255, 257 (5th Cir.) (*en banc*), *cert. dismissed sub nom. Stark v. Atwood Group,* 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984); *Rodgers v. Watt,* 722 F.2d 456 (9th Cir.1983) (*en banc*); *Buckeye Cellulose Corp. v. Braggs Elec-*

*tric Construction Co.,* 569 F.2d 1036, 1038 (8th Cir.1978); *Mizell v. Attorney General of New York,* 586 F.2d 942, 944 n. 2 (2d Cir.1978), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979). The Fourth and First Circuits have adopted a more ambiguous "unique or extraordinary circumstances" test to determine whether a party is entitled to Rule 60(b) relief. *See Hensely v. Chesapeake & Ohio Ry. Co.,* 651 F.2d 226, 229 (4th Cir.1981); *Scola v. O. Francis, R., Inc.,* 618 F.2d 147, 155 (1st Cir.1980) (granting relief under Rule 60(b)(6)). The D.C. Circuit has adopted a somewhat more liberal standard, holding

that a trial court may vacate and re-enter a judgment under Rule 60(b) to allow a timely appeal when either party had actual notice of the entry of judgment, when the winning party is not prejudiced by the appeal, and when the losing party moves to vacate the judgment within a reasonable time after he learns of its entry.

*Expeditions Unlimited Acquatic Enterprises, Inc. v. Smithsonian Institute,* 500 F.2d 808, 810 (D.C.Cir.1974) (per curiam). In fashioning their rule, the D.C. Circuit distinguished cases in which "counsel knew of the entry of judgment in time to perfect an appeal under the Rules." *Id.* at 809.

The petitioner's factual circumstances do not fall within the typical circumstances under which the courts have considered Rule 60(b) motions intended to extend the time in which a party may file a notice of appeal. Counsel for the petitioner does not claim that he did not receive timely notice of the Court's judgment entry. Rather, counsel simply admits that he misread the time stamp on the copy of the memorandum opinion and judgment entry the clerk's office mailed him mistaking the "3" in the number "13" for an "8." Thus, it appears that relief for the petitioner depends not on whether counsel received the notice or conducted himself with due diligence, but rather on whether counsel's error is the type that requires relief under Rule 60(b).

Generally, relief from judgment under Rule 60(b) "is extraordinary and ...

granted only upon a showing of exceptional circumstances." *Stotts v. Memphis Fire Dep't,* 679 F.2d 541, 562 (6th Cir.1982), *rev'd. on other grounds,* 467 U.S. 561, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984). Whether to grant Rule 60(b) relief is within the Court's discretion. Under Rule 60(b)(1), the moving party must demonstrate the existence of mistake, inadvertence, surprise, or excusable neglect, and the existence of a meritorious defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir.1980). The Court should consider the following factors:

> Plaintiff's Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. Doubt should be resolved in favor of a judicial decision of the merits of a case, and a technical error or slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims. The counterveiling factors are the defendants' and society's interests in the finality of judgments and the avoidance of prejudice ... the plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct.

*Miller v. Owsianowski (In re Salem Mortgage Co.),* 791 F.2d 456, 459–60 (6th Cir. 1986) (quoting *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir.1980)).

■ With respect to the petitioner's situation, her counsel admits that he made a clerical mistake by misreading the date of the judgment entry. The record displays no indication of delay, willful contempt, or contumacious conduct on the part of counsel. There is precedent for granting Rule 60(b) relief where counsel misreads a blurry or smudged time-stamp. In *Crawford v. West India Carriers, Inc.,* 56 F.R.D. 32 (S.D.Fla.1972),

> the Clerk's docketing stamp was smudged and indiscernible to the extent that it was impossible to ascertain the date of entry of that Final Judgment. The docketing clerk in the offices of Petitioner's counsel through mistake and inadvertence made entries on its calendar

that post-trial motions pursuant to Rules 52 and 59 must be filed by February 11, 1972, which is 11 days subsequent to the entry of Final Judgment, rather than the 10 days prescribed by the rules.

*Id.* at 33. The petitioner filed its Rule 59 motion one day after the 10 day deadline, and the Court failed to rule on the motion until well after the time for filing a notice of appeal or for requesting the court to extend the time pursuant to Appellate Rule 4. The petitioner subsequently filed a Rule 60(b)(1) motion requesting the court to excuse the late filing of the Rule 59 motion. The court determined that the one-day delay in the filing of the Rule 59 motion caused no prejudice to any of the parties, and held that "if there ever was a situation constituting excusable neglect, as that term is used in 60(b)(1), such has been established in this record." *Id.* at 33–34. The court thus granted the Rule 60(b)(1) motion and ruled the Rule 59 motion as timely filed.

No prejudice to the State of Ohio is apparent if the Court determines that the petitioner's late filing was the cause of counsel's mistake in reading the time stamp. The State of Ohio became aware of the petitioner's intention to appeal five days after the time for filing the notice of appeal expired, and the case is currently pending before the Sixth Circuit Court of Appeals. Thus, the state has not changed its position in any way in reliance on the judgment. In addition, the strong advocacy of counsel and the nature of the issues raised in the petitioner's request for a writ of habeas corpus made the likelihood of appeal by either party strong. Further, the courts have construed the relationship between Rule 60(b)(1) and Rule 4(a)(5) in a manner that suggests that the society's interest in the finality of judgments is at times outweighed by the interests of justice. *See supra* pp. 6–12. Thus it appears that the counterveiling factors discussed in *In Re Salem Mortgage Co.* do not outweigh the general interest in achieving substantial justice.

The Court finds that the petitioner has a meritorious defense in the sense that the Court has issued a certificate of probable cause to the Sixth Circuit Court of Appeals. The issuance of the certificate constitutes the Court's determination that the petitioner's appeal raises substantial and debatable issues with respect to constitutional and federal rights.

Finally, the Court, in its discretion, finds that the interests of justice dictate that the Court grant Rule 60(b) relief. The petitioner currently is incarcerated, and has been incarcerated since 1976. She is unable to review the Court's docket herself, and is totally reliant on her counsel to represent her interests. Petitioner's counsel has provided voluntary service, at the request of the Court, under difficult and unpleasant circumstances resulting from the petitioner's incarceration. These considerations make Rule 60(b) relief all the more desirable in order to achieve substantial justice.

## CONCLUSION

The Court denies the petitioner's December 22, 1986 motion for relief under the provisions of Appellate Rule 4(a)(5) because the courts have required the moving party to file a specific request for an extension of time within the time limits contained in Rule 4(a)(5). Thus, the petitioner's motion is simply out of time.

The Court denies the petitioner's request for a *nunc pro tunc* order because there is no precedent for such an order.

The Court grants the petitioner's December 22, 1986 motion for relief from judgment under Rule 60(b)(1). Although the Sixth Circuit has not ruled on the relationship between Appellate Rule 4(a)(5) and Rule 60(b)(1), the overwhelming majority of circuits have allowed courts to use Rule 60(b) to extend the time for filing a notice of appeal. Although the majority of cases extending the time for filing a notice of appeal pursuant to Rule 60(b)(1) have done so in situations where the untimely filing was caused by the court or the clerk's office, to allow the same relief under the petitioner's peculiar factual situation is certainly within the spirit of Rule 60(b)(1) and within the spirit of the decisions allowing Rule 60(b) relief. The Court finds that the petitioner has met the requirements of Rule 60(b)(1), and that the interests of justice dictate that the Court grant the plaintiff relief from the judgment entered on June 13, 1986.

For the foregoing reasons, the Court vacates the judgment entered on June 13, 1986. The Court concludes that the findings of fact and conclusions of law filed on June 13, 1986 still constitute the findings and conclusions of the Court, and reinstates the memorandum opinion and judgment entry entered on that date *nunc pro tunc* as of July 18, 1986.

IT IS SO ORDERED.

## APPENDIX A

DOWD, J.

FILED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

Carman Williams,

Petitioner,

vs.

Dorothy Arn, Supt.,

Respondent.

CASE NO. C85-500A

MEMORANDUM OPINION

## PROCEDURAL HISTORY

The petitioner, Carman Williams, aided by her counsel James Burdon, filed this action seeking habeas corpus relief pursuant to Title 28 United States Code § 2254 on February 12, 1984. The case was assigned to United States District Judge Sam H. Bell who referred the case to Magistrate Charles R. Laurie on February 12, 1985 for supervision and for the preparation of a report containing a recommended disposition. The Magistrate conducted an evidentiary hearing on May 29, 1985 and thereafter, on June 24, 1985, he filed a report and recommendation with Judge Bell recommending that petitioner's case be dismissed. On July 2, 1985, Judge Bell disqualified himself from further conduct on this case and this matter was assigned to this Court. On July 2, 1985, petitioner's counsel James L.