820 F.2d 1226
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carmen WILLIAMS, Petitioner-Appellant,
v.
Dorothy ARN, Respondent-Appellee.
 No. 86-3711.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner-appellant Carmen Williams (Williams) appealed from the district court's order dismissing her petition for a writ of habeas corpus in this action commenced pursuant to 28 U.S.C. Sec. 2254. In her petition, Williams asserted that her 1975 Ohio convictions for aggravated murder and aggravated robbery were invalid because she was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.
 
 
 2
 On June 13, 1986, the district court dismissed the writ of habeas corpus and judgment was entered accordingly. Williams v. Arn, 654 F.Supp. 226 (N.D. Ohio 1986). Copies of the court's memorandum opinion and judgment entry were mailed to counsel for the parties on the same day. Counsel for Williams received these copies and now claims that he mistook the "3" in "June 13" for an "8" because the district court's time stamp was unclear. Acting upon this erroneous assumption, he filed a notice of appeal from the district court's judgment on July 18, 1986.
 
 
 3
 A notice of appeal in a civil case must "be filed With the clerk of the district court within .30 days after the date of entry of the judgment or order appealed from ...." Fed.R.Civ.P. 4(a)(1).[1] Because July 13, 1986, the 30th day after entry of judgment in this case, fell on a Sunday,.,the notice of appeal should have been filed no later than Monday, July 14, 1986. Fed.R.App.P. 26(a). The notice of appeal in this case was, therefore, filed four days late. Respondent-appellee Dorothy Arn, Superintendent of the Ohio Reformatory for Women where Williams is currently incarcerated, therefore moved this court to dismiss the appeal for lack of appellate jurisdiction.
 
 
 4
 Under Fed.R.App.Proc. 4(a) and 28 U.S.C. Sec. 2107,[2] a notice of appeal in a civil case must be filed within 30 days of entry of the judgment or order from which the appeal is taken. This 30-day time limit is "mandatory and jurisdictional." The purpose of the rule is clear: It is "to set a definite point of time when litigation shall be put at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are free of the appellant's demands. Any other construction of the statute would defeat its purpose."
 
 
 5
 Browder v. Director, Dept. of Corrections of Ill., 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978)(citations omitted). A court of appeals "may not enlarge the time for filing a notice of appeal.... " Fed.R.App.P. 26(b).
 
 
 6
 Under Fed.R.App.P. 4(a)(1), an appellant must file a notice of appeal within 30 days, of the entry of judgment. If he fails to do so, Fed.R.App.P. 4(a)(5) permits the district court to extend the time for filing a notice of appeal by 30 days upon a showing of "excusable neglect or good cause."
 
 
 7
 The district court upon a showing of excusable neglect or good cause may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
 
 
 11
 This is the only provision contained within the rules to enlarge the 30 day period for filing a notice of appeal, and to avail oneself of this extension, an appellant must file with the district court either a motion for an extension of time or an otherwise untimely notice of appeal which on its face alleges excusable neglect for failure to file within the original 30 days. Pryor v. Marshall, 711 F.2d 63, 64-65 (6th Cir. 1983). A notice of appeal which, on its face, does not include an allegation of excusable ne-]ect or good cause is insufficient to perfect an appeal if filed after the expiration of Rule 4(a)(1)'s 30 day limitation, even if it was filed within the time allotted by Rule 4(a)(5) to move for an extension of time. Id.
 
 
 12
 In the case at bar, Williams' notice of appeal did not incorporate a facial allegation of excusable neglect or good cause. Nor did she move for an extension of time pursuant to Fed.R.App.P. 4(a)(5) within the time period prescribed by that rule. Accordingly, this court lacks jurisdiction over this controversy,[3] and this appeal is, therefore, hereby DISMISSED.
 
 
 
 [1]
 A habeas corpus proceeding is civil in nature. United States v. Pridgeon, 153 U.S. 48, 60, 14 S.Ct. 746, 750, 38 L.Ed. 631 (1894)
 
 
 [2]
 28 U.S.C. Sec. 2107 provides, in pertinent part:
 Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.
 * * *
 The district court may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed, upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree.
 
 
 [3]
 This court is cognizant of the fact that the district court, while the question of appellate jurisdiction was pending before this court, granted Williams' motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) for the sole purpose of attempting to render the notice of appeal in this case timely. Williams v. Arn, 654 F.Supp. 241 (N.D. Ohio 1987). Because the order granting he Rule 60(b) motion was entered after the notice of appeal in this case had been filed, that matter is not presently before this court and, therefore, does not affect the timeliness of Williams' notice ofappeal. Accordingly, this court addresses neither the district court jurisdiction to entertain a Rule 60(b) motion during the pendency of appeal nor the propriety of employing that rule to enlarge the time in which to file a proper notice of appeal