MEMORANDUM OPINION
{¶ 1} On May 5, 2006, appellant, Cameron Sterling, Sr., filed a notice of appeal from a March 22, 2006 judgment entry of the Ashtabula County Court of Common Pleas. In the March 22, 2006 entry, the trial court granted the motion to dismiss filed by appellees, Thomas L. Sartini and Angela M. Scott, and dismissed appellant's complaint. It was from that entry that appellant filed the instant appeal on May 5, 2006.
 {¶ 2} Appellees filed a motion to dismiss the appeal for untimeliness on May 9, 2006. Appellant filed a notice with this court on May 25, 2006, indicating that he was unable to present a response in opposition to appellees' motion to dismiss due to lack of funds. Thereafter, appellant filed a memorandum in opposition to appellees' motion to dismiss on June 8, 2006.
 {¶ 3} App.R. 4(A) provides:
 {¶ 4} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 5} In addition, Loc.R. 3(D)(2) of the Eleventh District Court of Appeals provides:
 {¶ 6} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), and the Notice of Appeal is deemed to be filed out ofrule, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in thesua sponte dismissal of the appeal under Ohio App.R. 4(A)." (Emphasis sic.)
 {¶ 7} In the case at bar, appellant's notice of appeal was filed forty-four days after the judgment had been issued by the trial court. Therefore, appellant has neither complied with the thirty-day rule set forth in App.R. 4(A) nor has he alleged that there was a failure by the trial court clerk to comply with Civ. R. 58(B). Thus, this court is without jurisdiction to consider this appeal.
 {¶ 8} Based upon the foregoing analysis, appellees' motion to dismiss is granted, and the appeal is dismissed pursuant to App.R. 4(A).
 {¶ 9} Appeal dismissed.
O'Neill, J., Grendell, J., concur.