[Cite as *State v. Vinson*, 2013-Ohio-5826.]

**LIN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-015** |
| HORACE K. VINSON, JR., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000099.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*John W. Hawkins,* Parkhill Professional Building, 35104 Euclid Avenue, Suite 101, Willoughby, OH 44094 (For Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} Horace K. Vinson, Jr. appeals from the January 14, 2013 judgment entry of the Lake County Court of Common Pleas, dismissing his second petition for postconviction relief, without hearing. We affirm.

{¶2} In October 2006, Mr. Vinson was sentenced to a lengthy prison term for his conviction, following jury trial, for felonious murder with a firearm, and carrying a concealed weapon. *State v. Vinson*, 11th Dist. Lake No. 2006-L-238, 2007-Ohio-5199,

¶1, 20.  On appeal, this court affirmed.  *Id.* at ¶1.  Thereafter, he filed his first petition for postconviction relief, alleging trial counsel was ineffective for failing to call two witnesses.  *State v. Vinson*, 11th Dist. Lake No. 2007-L-088, 2008-Ohio-3059, ¶15.  The trial court denied the petition.  *Id.* at ¶1, 16.  On appeal, this court affirmed.  *Id.* at ¶1, 44.

{¶3}  In October 2012, Mr. Vinson filed his second petition for postconviction relief.  He argued that the petition was premised on the decision of the United States Supreme Court in *Lafler v. Cooper*, __U.S. __, 132 S.Ct. 1376 (2012), asserting that case recognized a new constitutional right pertaining to ineffective assistance of counsel when a plea offer is rejected, and a defendant is thereafter convicted following trial.  Mr. Vinson argued that trial counsel advised him not to accept a deal offered by the state, involving a plea to a charge of manslaughter, with the state to recommend a distinctly shorter sentence than that actually imposed.

{¶4}  The state responded to Mr. Vinson's petition, and the trial court dismissed the petition, on the basis that the decision in *Lafler* did not recognize any new constitutional right.  Mr. Vinson timely appealed, assigning two errors:

{¶5}  "[1.] The trial court committed prejudicial error when it dismissed the petition of Defendant-Appellant without a hearing on his Petition for Post-Conviction Relief on the grounds that Defendant-Appellant could not demonstrate that Defendant-Appellant was prejudiced by any alleged ineffective assistance of counsel without an evidentiary hearing.

2

**{¶6}** "[2.] The trial court committed prejudicial error when it denied the motion of Defendant-Appellant for a hearing on his Petition for Post-Conviction Relief on the grounds that any alleged ineffective assistance of counsel during plea bargain negotiations did not constitute a new constitutional right; and, for that reason, the Petition for Post-Conviction Relief was untimely."

**{¶7}** We deal with the assignments of error in reverse order.

**{¶8}** Normally, we review the decision of a trial court to grant or deny a petition for postconviction relief for abuse of discretion. *State v. Sands*, 11th Dist. Lake No. 2012-L-096, 2013-Ohio-2822, ¶11. However, Mr. Vinson's second assignment of error involves a question of law: i.e., whether the *Lafler* court recognized a new right. We review questions of law de novo. *See, e.g.*, *State v. Jones*, 11th Dist. Portage No. 2012-P-0107, 2013-Ohio-4114, ¶54.

**{¶9}** R.C. 2953.23 governs when a trial court may entertain a successive petition for postconviction relief, and provides, in pertinent part:

**{¶10}** "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain * * * a second petition or successive petitions * * * on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

**{¶11}** "(1) Both of the following apply:

**{¶12}** "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States

3

Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."[1]

{¶14} Again, Mr. Vinson contends that in *Lafler*, *supra*, the United States Supreme Court recognized a new constitutional right to effective assistance of counsel in the plea bargaining setting. We disagree that any new constitutional right was established in *Lafler*, or its companion case, *Missouri v. Frye*, __U.S. __, 132 S.Ct. 1399 (2012). As the state points out, several federal circuit courts have considered this argument in relation to the federal statutes analogous to postconviction proceedings in Ohio, and have squarely rejected the proposition, concluding that *Lafler* and *Frye* merely apply long-standing Sixth Amendment law to the particular facts of those cases. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir.2012); *In re King*, 697 F.3d 1189 (5th Cir.2012); *Hare v. United States*, 688 F.3d 878, 879-880 (7th Cir.2012); *In re Perez*, 682 F.3d 930, 932-934 (11th Cir.2012). The opinion of the Ninth Circuit Court of Appeals in *Buenrostro* is instructive:

{¶15} "Buenrostro has now filed an application for authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court * * *. Buenrostro again wishes to raise an ineffective assistance of trial counsel claim based on the failure to communicate the plea offer. He further contends his post-conviction counsel was

---

1. R.C. 2953.23(A)(2) concerns DNA evidence, and is unrelated to this appeal.

ineffective because she failed to raise the trial lawyer's failure to communicate the plea offer in the original § 2255 motion.

**{¶16}** "We * * * deny the application for authorization to file a second or successive motion because Buenrostro has not made the requisite prima facie showing under 28 U.S.C. § 2255.

**{¶17}** "Section 2255 provides:

**{¶18}** "A second or successive motion must be certified (. . .) by a panel of the appropriate court of appeals to contain –

**{¶19}** "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

**{¶20}** "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

**{¶21}** "Buenrostro grounds his second or successive motion in subsection ([(h)](2), contending that the Supreme Court's recent decisions in * * * *Missouri v. Frye,* U.S.   , 132 S.Ct. 1399, * * * (2012), and *Lafler v. Cooper,*    U.S.   , 132 S.Ct. 1376, * * * (2012), constitute new rules of constitutional law.  This contention fails.

**{¶22}** "* * *

**{¶23}** "* * * [N]either *Frye* nor *Lafler* can form the basis for an application for a second or successive motion because neither case decided a new rule of constitutional law.  The Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington,* 466 U.S. 668, 686, * * * (1984), and established in the plea-bargaining

5

context in *Hill v. Lockhart,* 474 U.S. 52, * * * (1985). *See Frye,* 132 S.Ct. at 1404-08 (stating '(t)his application of *Strickland* to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in *Hill*); *Lafler,* 132 S.Ct. at 1384 (stating that the 'question for this Court is how to apply *Strickland's* prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial.') Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government. Therefore, we join the Eleventh Circuit in concluding that neither case decided a new rule of constitutional law. *See In re Perez,* 682 F.3d 930, 933-34 (11th Cir. 2012)." (Parallel citations omitted.) *Buenrostro* at 1139-1140.

**{¶24}** Again, Mr. Vinson does not premise his second petition on newly discovered evidence, but solely on the belief that *Lafler* and *Frye* set forth a new rule of constitutional law. We agree with the weight of federal authority they do not. Consequently, the trial court had no power to entertain the second petition. R.C. 2953.23(A)(1). The second assignment of error lacks merit.

**{¶25}** By his first assignment of error, Mr. Vinson contends the trial court was required to hold a hearing on his petition. Since we have already decided the trial court lacked authority to entertain the petition at all, it obviously could not hold a hearing. The first assignment of error lacks merit.

{¶26} The judgment of the Lake County Court of Common Pleas is affirmed. The court finds there were reasonable grounds for this appeal.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.