[Cite as *State v. Vinson*, 2016-Ohio-7839.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-138** |
| HORACE K. VINSON, JR., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas.
Case No. 06 CR 000099.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Horace K. Vinson, Jr.*, pro se, PID: A514-306, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}   Appellant, Horace K. Vinson, Jr., appeals from the judgment of the Lake County Court of Common Pleas, denying his Civ.R. 60(B) motion for relief from judgment in post-conviction relief proceedings.  We affirm.

{¶2}   In 2006, appellant was convicted by jury of murder, in violation of R.C. 2903.02(B), with a firearm specification as set forth in R.C. 2941.145; and carrying a concealed weapon, a felony of the fourth degree in violation of R.C. 2923.12(A)(2).

**{¶3}** In October 2006, appellant was sentenced to fifteen years to life for felony murder, with a three-year term for the firearm specification, in addition to eighteen months for carrying a concealed weapon, all of which were ordered to be served consecutive to one another, for a total minimum imprisonment of nineteen and one half years. Appellant timely appealed the judgment. On appeal, this court affirmed. *State v. Vinson*, 11th Dist. Lake No. 2006-L-238, 2007-Ohio-5199.

**{¶4}** In February 2007, appellant filed his first petition for post-conviction relief, which the trial court denied. On appeal, this court affirmed. *State v. Vinson*, 11th Dist. Lake No. 2007-L-088, 2008-Ohio-3059.

**{¶5}** In October 2012, appellant filed a second petition for post-conviction relief, which the trial court denied. On appeal, this court affirmed. *State v. Vinson*, 11th Dist. Lake No. 2013-L-015, 2013-Ohio-5826.

**{¶6}** In April 2014, appellant filed his third petition for post-conviction relief. He subsequently requested leave to amend the petition, which was granted. On July 11, 2014, appellant filed an amended petition.

**{¶7}** On December 31, 2014, the trial court, after a thorough review of the appellant's petition and the state of Ohio's response, determined appellant's petition and amended petition were without merit and should be dismissed. Petitioner had a significant burden to meet, pursuant to R.C. 2953.23, especially because it was his third petition for post-conviction relief. The trial court mailed a Notice of Final Appealable Order to appellant's attorney on January 2, 2015. *State v. Vinson*, 11th Dist. Lake No. 2015-L-018, 2015-Ohio-3549, ¶4.

{¶8} Appellant apparently requested that his attorney appeal the trial court's decision, but the attorney failed to file a timely notice of appeal. Appellant's attorney requested a delayed appeal on February 12, 2015. However, as this court noted in our Memorandum Opinion, a request for delayed appeal is not available for an appeal of a post-conviction relief determination because the post-conviction relief remedy is treated as a quasi-civil matter. *Id.* at ¶5-7.

{¶9} On October 28, 2015, appellant moved the trial court for an order under Civ.R. 60(B) to vacate its judgment of December 31, 2014, on the basis that appellant attempted to pursue his appeal rights in a timely manner when he instructed his attorney to file a timely appeal, but that his attorney failed to do so.

{¶10} On November 10, 2015, the state filed its brief in opposition to the motion for relief from judgment, arguing appellant failed to demonstrate the necessary criteria to prevail under a Civ.R. 60(B) motion.

{¶11} On November 24, 2015, the trial court denied appellant's Civ.R. 60(B) motion. The trial court acknowledged the state's contention that appellant had not demonstrated a meritorious defense, but the trial court did not conduct any analysis of the merits. The trial court determined it did not have authority to grant the relief requested, as appellant was asking the court to vacate the December 31, 2014 judgment in order to "reset the clock" and allow him to file a timely appeal.

{¶12} Appellant noticed a timely appeal of the November 24, 2015 judgment on December 16, 2015.

3

{¶13} Appellant assigns the following error on appeal: "The trial court erred as a matter of law in finding that there is no authority in Civil Rule 60(B) for a court to re-enter a judgment to revive a lost right of appeal."

{¶14} Ohio Civ.R. 60(B) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶15} Appellate courts review the decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) for an abuse of discretion. *QualChoice, Inc. v. Baumgartner*, 11th Dist. Trumbull No. 2007-T-0086, 2008-Ohio-1023, ¶8. The trial court in this case, however, decided that Civ.R. 60(B) cannot be used to revive a lost appeal, which is a matter of law. We review questions of law de novo. *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313 (1996).

{¶16} It is well established under Ohio case law that a "Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." *Key v. Mitchell,* 81 Ohio St.3d 89, 90-91 (1998) (citations omitted). In his Civ.R. 60(B) motion for relief from judgment, appellant stated that he was seeking relief "for the sole and specific purpose * * * to have the judgment recalled and re-issued so as to restart the time period for the filing of a direct appeal as of right." Appellant is attempting to use the Civ.R. 60(B)

4

motion as a means to extend the time for perfecting an appeal, which is not permitted under Ohio law. Therefore, appellant's argument is without merit.

{¶17} In support of his argument that Civ.R. 60(B) is available to revive a lost right of appeal under "such circumstances as presented in this case," appellant relies upon federal cases that are simply inapplicable to an Ohio Civ.R. 60(B) motion in this type of case. The federal system has different rules from our state system, notably Fed.R.App.P. 4(a)(5) and 4(a)(6), which provide for an extension of time and a reopening of time to file a notice of appeal. These rules are an important part of the analysis in the Sixth Circuit case of *Tanner v. Yukins*, 776 F.3d 434 (6th Cir.2015), a case cited by appellant. *Tanner* dealt with a habeas petitioner who claimed state actors, two prison guards, prevented her from timely filing an appeal. That petitioner apparently filed a successful 42 U.S.C. 1983 suit against the guards. *Id.* at 436. The *Tanner* opinion distinguished the United States Supreme Court decision in *Bowles v. Russell*, 551 U.S. 205, 209-210 (2007), where the Supreme Court reiterated that statutory time limitations for filing appeals are both mandatory and jurisdictional. *Id.* at 439-441 (reiterating the 14-day grace period in Fed.R.App.P. 4(a)(6) "'is not susceptible to extension through mistake, courtesy, or grace'"). Fed.R.App.P. 4(a)(6)'s drafting history demonstrates that "the time periods in Rule 4(a)(6) are *themselves* an accommodation of equitable considerations." *Id.* at 440 (citation omitted) (emphasis sic.) The *Tanner* majority found that the petitioner was asking the district court for relief from judgment pursuant to Fed.R.Civ.P. 60(b) "*not* to solve a problem related to a failure to receive notice [as in *Bowles*], but to restore her right to appeal, a right she lost due to the unconstitutional conduct of the guards at her prison." *Id.* (emphasis sic.) *Tanner*

5

ultimately held that "Rule 60(b) is an appropriate means of considering equitable interests when a notice of appeal is filed late for reasons other than lack of notice." *Id.* at 441.

**{¶18}** The dissent asserts that the *Tanner* holding applies here; however, the Ohio Rules of Appellate procedure do not have a counterpart to Fed.R.App.P. 4(a)(5) and 4(a)(6). The Ohio rules provide no "accommodation for equitable considerations," as found in the federal rules. *See id.* at 440. The statutory time limitations for filing appeals are mandatory and jurisdictional in Ohio. This court does not have jurisdiction to entertain civil appeals that are not timely filed. *See, e.g., Sterling v. Ashtabula Cty. Pros.*, 11th Dist. Ashtabula No. 2006-A-0022, 2006-Ohio-4421, ¶7. If the law in Ohio changes, and it is clear that we are free to grant judicially carved out exceptions to our jurisdiction, we can consider granting them at that time.

**{¶19}** *GTE Automatic Electric, Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150 (1976) requires a demonstration that the party has a meritorious defense or claim in order to prevail on a motion brought under Civ.R. 60(B). In his Civ.R. 60(B) motion, appellant advanced no meritorious claim or defense whatsoever. On appeal, he again does not raise a meritorious claim or defense to the December 31, 2014 judgment. On this basis alone, it was appropriate to deny the motion.

**{¶20}** On appeal, appellant also gives no explanation as to why the trial court's conclusions were incorrect. The trial court found no merit in any aspect of the post-conviction petition. The trial court ruled that appellant did not fulfill the first prong of the applicable test because he did not demonstrate that he was prevented from discovering the information at the time he filed either of his prior two petitions. Additionally, the trial

6

court concluded there was no violation with regard to the two claimed pieces of exculpatory evidence. Again, appellant has not, in this appeal or in his Civ.R. 60(B) motion, explained why the trial court's findings were incorrect. Therefore, it cannot be said the trial court erred in refusing to consider appellant's untimely petition.

{¶21} Appellant's assignment of error is without merit. The decision of the trial court is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶22} I respectfully dissent.

{¶23} I disagree with the majority's assertion that the decision in *Tanner*, *supra*, in any way depends on Fed.App.R. 4(a)(5) and 4(6). Those rules establish the parameters for filing a late appeal in the federal system when a party fails to receive timely notice of a court's decision. *Tanner* at 439-441. The Sixth Circuit in *Tanner* *specifically* held that Fed.App.R. 4(a)(5) and 4(6) "did not pertain to Tanner's procedural posture." *Tanner* at 437. The Sixth Circuit *specifically* held that the equitable provisions embodied in Fed.App.R. 4(a)(6) did not exhaust the equitable powers of the federal courts regarding filing time limits under the Federal Appellate Rules, and that "Rule 60(b) is an appropriate means of considering equitable interests when a notice of appeal is filed late for reasons other than lack of notice." *Tanner* at 441. In Mr.

7

Vinson's case, there is no question regarding lack of notice: his attorneys simply failed to follow through.

{¶24} In filing his motion for relief from judgment appellant noted that federal courts allow inmates, under appropriate circumstances, to use Fed.R.Civ.P. 60(b) to revive a lost appeal. *See, e.g., Tanner, supra; Williams v. Arn*, 654 F.Supp. 241 (N.D.Ohio 1987). He urged the trial court to apply Civ.R. 60(B) in the same fashion. Attached to his motion were his affidavit, and numerous text messages between his mother and his attorneys, showing that he and his mother had vigorously sought to appeal the trial court's denial of his third postconviction petition.

{¶25} Appellant continues to rely on the judgments and opinions of the Sixth Circuit in *Tanner, supra*, and the Northern District of Ohio in *Williams v. Arn, supra*.

{¶26} In *Tanner*, appellant's notice of appeal from the denial of her petition for habeas corpus was untimely, since the authorities at her prison interfered with her attempts to file the notice. *Id.* at 436-438. The district court denied her Fed.R.Civ.P. 60 motion to revive her habeas appeal for lack of jurisdiction due to the failure to timely notice appeal. *Id.* at 437-438. The Sixth Circuit reversed and remanded under Fed.R.Civ.P. 60(b)(6), holding that the rule embodied the equitable powers of the courts "'to set aside a judgment whose enforcement would work inequity.'" *Id.* at 438, quoting *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233-234 (1995). The Sixth Circuit emphasized that appellant was particularly deserving of equitable relief, since she was "self-described as functionally illiterate but clearly committed to pursuing her remedies in court, as shown by her diligence at each step of a long and sometimes convoluted path of litigation, most of it accomplished without the benefit of counsel." *Tanner* at 443.

8

The court further emphasized its application of Fed.R.Civ.P.60(b)(6) worked "'to revive a lost right of appeal,'" not to extend the time limits for noticing appeal under Fed.App.R. 4(a)(1)(A). *Id.* at 444.

{¶27} In *Williams*, *supra*, the Northern District of Ohio denied petitioner a writ of habeas corpus. *Id.* at 242. Petitioner's counsel failed to notice appeal within the time limits prescribed by Fed.App.R. 4(a), since he misread the date on which the judgment entry denying her writ had been filed. *Id.* Under the circumstances, the Northern District of Ohio found it appropriate to utilize Fed.R.Civ.P. 60(b)(1) (grounds for relief are "mistake, inadvertence, surprise or excusable neglect") to revive the right of appeal lost. *Id.* at 246-248. The court emphasized that nothing indicated counsel's conduct was inspired by a desire to delay, or willful contempt. *Id.* at 247. The court also stated:

{¶28} "Finally, the Court, in its discretion, finds that the interests of justice dictate that the Court grant Rule 60(b) relief. The petitioner currently is incarcerated, and has been incarcerated since 1976. She is unable to review the Court's docket herself, and is totally reliant on her counsel to represent her interests. Petitioner's counsel has provided voluntary service, at the request of the Court, under difficult and unpleasant circumstances resulting from the petitioner's incarceration. These considerations make Rule 60(b) relief all the more desirable in order to achieve substantial justice." *Id.* at 248.

{¶29} Nothing in the record indicates failure by Mr. Vinson's counsel to notice appeal from the denial of the third postconviction relief petition was anything but a mistake.

{¶30} This court should hold that a lost right of appeal may be revived pursuant

9

to Civ.R. 60(B). In this particular case, and generally, Civ.R. 60(B)(1) is inapplicable. Mere mistakes by counsel, or a pro se party, to correctly calendar a notice of appeal date should not provide relief from judgment. Only when such mistakes result from matters outside the power of counsel or the party to control (such as the illegible time stamp in *Williams*), should Civ.R. 60(B)(1) be available. But Civ.R. 60(B)(5) (any other reason justifying relief from the judgment) should apply to this case. Mr. Vinson has vigorously pursued his rights at every juncture: it is inequitable for him to lose his right of appeal when he is not at fault. *Tanner*, *supra*, at 443-444.

{¶31} Regarding the majority's holding that appellant has failed to set forth a meritorious basis for vacating the trial court's order – a movant is not required to show that he or she will prevail – merely that a colorable defense or claim exists. *State v. McComb*, 2d Dist. Montgomery No. 26481, 2015-Ohio-2556, ¶29. Appellant alleges the state withheld exculpatory evidence, which if true, might be a meritorious defense or claim.

{¶32} The majority delineates their opinion based upon a limitation and difference between Fed.R.Civ.P. 60(b) and Civ.R. 60(B). This is a distinction without a difference in that (as noted in *Tanner*) it recognizes in criminal proceedings that courts have equitable powers to recognize manifest injustice. *Tanner* also is consistent with judicial economy, avoids multiple motions and delays in proceedings as well as fulfills the core competencies of the justice system of judicial fairness and access to justice.

{¶33} For the foregoing reasons, I respectfully dissent.