[Cite as *State v. Boddie*, 2019-Ohio-4073.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                  :

                                     No. 19AP-187

v.                                                :    (C.P.C. No. 08CR-3419)

Howard Boddie, Jr.,                              :    (ACCELERATED CALENDAR)

      Defendant-Appellant.               :

---

D E C I S I O N

Rendered on October 3, 2019

---

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Sheryl L. Prichard,* for appellee.

**On brief:** *Howard Boddie, Jr.,* pro se.

---

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1}  Howard Boddie, Jr. appeals the trial court's denial of his Civil Rule 60 motion for relief from a judgment or order. We understand the order from which he is seeking relief to be the trial court's earlier denial of a motion for a new trial. He asked the trial court to revisit that denial because, he urged, failure of timely notice had denied him a fair shot at an appeal, apparently in his view necessitating a do-over that could refresh his opportunity to gain appellate review on new-trial merits. In explaining that we do not think this circuitous route works, we begin with a brief summary of the most recent court activity in the case.

{¶ 2}  Mr. Boddie last year tried to appeal the trial court's denial of his motion for a new trial (a motion based, in part, on Mr. Boddie's submission reflecting that the main witness against him when he was convicted in 2010 of domestic violence and abduction now has recanted). November 15, 2018 Notice of Appeal from October 15, 2018 Entry Denying Defendant's Motion for a New Trial Filed September 13, 2018 (with Notice bearing a certificate of service that originally stated a hand-delivery date of November 13, but that

was changed by hand to reflect the actual filing date of November 15).  This court dismissed that appeal as untimely because it was filed a day late.  December 6, 2018 Journal Entry of Dismissal.  Seeking reconsideration, Mr. Boddie advised the court that he had not become aware of the denial of his new trial motion "until he went on-line on November 12, 2018 [two days before the appeals deadline]," but argued chiefly that the 30-day period for filing a notice of appeal runs from notation of service on the clerk's docket. December 17, 2018 Motion for Reconsideration at 1, 3 (also averring at 5-6 that any assumption that he had received notice of the denial entry on October 16 would further be in error because "mail is always later" where he lives).  This court denied reconsideration because "[i]n a criminal case, the thirty-day time period * * * begins to run when the judgment is docketed." December 19, 2018 Judgment Entry.

{¶ 3}   Mr. Boddie then returned to the trial court, invoking "Rule 60" and seeking relief "FROM A JUDGMENT OR ORDER."  February 28, 2019 motion (making clear that it was being submitted pursuant to "**Civ. R. 60(B)**," *see id.* at 4-6, emphasis in original). There, Mr. Boddie asserted that "the trial court has erred to the prejudice of defendant *after* denying his motion for a new trial."  *Id.* at 1 (emphasis added).  "Specifically," Mr. Boddie wrote, "defendant will argue to the Court, for relief that he _officially_ did not receive timely by U.S. Postal Mail, said Entry/Order [denying] a new trial until December 14, 2018."  *Id.* at 2 (emphasis in original).  He complained of a history of having been "denied" timely mail service of entries, *id.* at 3-4, and stated that he had learned of the entry denying his new trial only when he "went on-line November 11, 2018," *id.* at 6 (referring to a date one day earlier than the November 12 date he has recited elsewhere).  His attached affidavit did not attest to when he had learned of the October 15, 2018 ruling on his new trial motion, but said that "he was not officially rendered process of service" until some unspecified time after he had spoken with the trial judge's secretary.  Opining that "Rule 60 only applies to civil cases," the trial judge denied Mr. Boddie's Rule 60 motion for relief.  March 5, 2019 Entry.

{¶ 4}   Although Mr. Boddie's April 1, 2019 Notice of Appeal makes clear that he appeals now from the denial of his motion for relief as sought pursuant to Civil Rule 60, and although his "Rule 60" motion in the trial court was reasonably clear that he sought relief from the order denying his new trial motion, Mr. Boddie's brief here attempts a wider scope.  He posits four assignments of error:

[1.] The trial court and the clerk of courts has erred to the prejudice of defendant-appellant by refusing to afford an entry/order on three occasions through the U.S. Postal Service.

[2.] The trial court erred to the prejudice of defendant-appellant by refusing to grant a new trial pursuant to 2945.79(A) through (F).

[3.] The trial court erred to the prejudice of defendant-appellant by refusing to conduct a judicial review of an affidavit sworn and notarized by [the complaining witness], pursuant to 2945.79(F) causes for a new trial.

[4.] The trial court erred to the prejudice of defendant-appellant by refusing to adjudicate on the merits defendant-appellant's Rule 60 1 through 6, in violation of the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

Appellant's brief at 5, 6, 7, 8.

{¶ 5} Assignments of error two and three thus relate to the merits of his previous new trial motion and were not set out in his "Rule 60" motion as predicated on the alleged failure of the trial court to provide him notice of its ruling. But this is not an appeal of the trial court's denial of the new trial motion (for Mr. Boddie's attempted appeal of that denial was turned away as untimely), and Mr. Boddie did not attempt again to persuade the trial court on the merits of a new trial when he filed his "Rule 60" motion: rather, that motion addressed his contentions regarding when he "officially" had received notice of the new-trial ruling; his view that the trial court had "intentionally refused to afford" him proper notice in that as in other instances ("this is not a **coincidence**"); and his "on-line" discovery of "November 11, 2018" that the trial court had ruled. Rule 60 motion at 2, 4, 6 (emphasis in original).

{¶ 6} We limit our review on appeal to matters that Mr. Boddie raised with the trial court in advancing that motion the denial of which he appeals. *See, e.g., Open Container, Ltd. v. CB Richard Ellis, Inc.,* 10th Dist. No. 14AP-133, 2015-Ohio-866, ¶ 4 ("An appellate court must * * * limit its review of the case to the arguments contained in the record before the trial court"). We therefore overrule assignments of error two and three, noting that we are not called upon here to address questions that might be relevant, say, to a successive petition for postconviction relief (such as whether and how Mr. Boddie had been prevented

earlier from establishing the claimed facts recited in the witness affidavit attached to his new trial motion).

{¶ 7} Assignments of error one and four relate somewhat to the trial court's rejection of Mr. Boddie's argument that he was entitled under Civil Rule 60 to relief from denial of the new trial motion because he did not timely receive the order denying that motion. We consider those two assignments together in concluding that in this circumstance and on the motion submitted, we do not find that the trial court committed reversible error.

{¶ 8} As Mr. Boddie understands, and while considering questions of law afresh, we review a trial court's grant or denial of a motion under Civ.R. 60(B) for abuse of discretion. *See, e.g., State of Ohio v. Bang To*, 10th Dist. No. 18AP-751, 2019-Ohio-1795, ¶ 32 (citations omitted); Rule 60 motion at 5. In that review, we recognize that the trial court's generalized statement that Rule 60 "only applies to civil cases," *see* March 5, 2019 Entry, is an overstatement in that the Rule can become applicable through Criminal Rule 57 when no rule of criminal procedure prescribes a process for addressing a particular circumstance. *See Bang To* at ¶ 20-29 (also noting the corollary that "where the criminal rules do set forth the relevant procedure, recourse to the civil rules is not warranted"); *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 10.

{¶ 9} We cannot say on this record that the trial court erred in denying a Civ.R. 60(B) motion that was predicated *not* on challenge to the outcome of the order from which relief was sought but instead on claimed prejudice to Mr. Boddie arising "after" that order had issued. *Compare* "Rule 60" motion at 1, *with GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus (to prevail on 60(B) motion, party must demonstrate meritorious defense or claim if relief granted). Here, as in *State v. Vinson*, 11th Dist. No. 2015-L-138, 2016-Ohio-7839, ¶ 19, the exclusive focus on questions of timing "advanced no meritorious claim or defense whatsoever. * * * * On this basis alone, it was appropriate to deny the motion."

{¶ 10} Put another way, we do not believe that the trial court erred in declining to provide this requested route for accomplishing a delayed appeal. Mr. Boddie did not seek leave of this court to file a delayed appeal pursuant to Appellate Rule 5(A)(2) regarding appeals in criminal proceedings; if that avenue did exist here, it would seem to bar recourse to Civil Rule 60(B) for such purposes. Meanwhile, the rules as applicable to civil cases, on

their own or as applicable through Criminal Rule 57, do not provide for delayed appeal. *See, e.g., State ex rel. Perotti v. Altiere*, 11th Dist. No. 2004-T-0141, 2005-Ohio-1578, ¶ 3 ("There are no provisions in the appellate rules to file a delayed appeal in a civil case").

{¶ 11} Ohio courts have rejected similar attempts to invoke Civil Rule 60(B) as a way of extending the time allowed for appeal. In *Vinson*, for example, the "trial court determined it did not have authority to grant the [60(B)] relief requested, as appellant was asking the court to vacate [an earlier] judgment in order to 'reset the clock' and allow him to file a timely appeal." 2016-Ohio-7839, ¶ 11. The Eleventh District Court of Appeals affirmed that decision, saying "Appellant is attempting to use the Civ.R. 60(B) motion as a means to extend the time for perfecting an appeal, which is not permitted under Ohio law." *Id.* at ¶ 16, citing *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998) (which in a different context had observed that a "Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment"); *see also State v. Pigg*, 2d Dist. No. 2001-CA-6, 2001 Ohio App. Lexis 3940, *3, 4 (where defendant used 60(B) motion to request that sexual predator adjudication "be rejournalized so that a timely appeal can be perfected," he lost because a 60(B) motion cannot be a substitute for a direct appeal, citing *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 206 (2000)).

{¶ 12} We overrule Mr. Boddie's first and fourth assignments of error. The judgment of the Franklin County Court of Common Pleas in denying Mr. Boddie's Civ.R. 60(B) motion is affirmed.

{¶ 13} We also overrule as unwarranted Mr. Boddie's "Motion to Appoint Counsel," which revisits at least in part trial counsel consultation issues already addressed both on direct appeal and on appeal from the denial of petitions to vacate judgments of conviction or sentence. *See State v. Boddie*, 10th Dist. No. 10AP-687, 2011-Ohio-3309, *appeal not accepted* in *State v. Boddie,* 134 Ohio St.3d 1451, 2013-Ohio-347, *delayed appeal not accepted* in *State v. Boddie*, 146 Ohio St.3d 1414, 2016-Ohio-3390; *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925.

*Judgment affirmed; motion for appointment of counsel denied.*

KLATT, P.J. and BROWN, J., concur.

————————————————