[Cite as *State v. Kennedy*, 2020-Ohio-2989.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                      CASE NO. 8-19-44

    v.

ROSALIE N. KENNEDY,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 17 03 0075

**Judgment Affirmed**

Date of Decision: May 18, 2020

APPEARANCES:

    *Stephen P. Hardwick* **for Appellant**

    *Alice Robinson-Bond* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Rosalie N. Kennedy ("Kennedy"), appeals the August 9, 2019 judgment entry of the Logan County Common Pleas Court denying her relief-from-judgment motion under Civ.R. 60(B). For the reasons that follow, we affirm.

{¶2} The Logan County Grand Jury indicted Kennedy on March 14, 2017 on the charges of murder in violation of R.C. 2903.02(A), an unclassified felony, with a firearm specification under R.C. 2941.145(A) and felonious assault in violation of R.C. 2903.11(A), a second-degree felony, also with a firearm specification under R.C. 2941.145(A). The charges stemmed from the shooting death of Kennedy's husband that occurred on March 10th. (Doc. No. 2.); (*See* Doc. Nos. 47, 264).

{¶3} On March 17, 2017, Kennedy appeared for arraignment and entered pleas of not guilty to the charges. (Doc. No. 12). Her case proceeded to a jury trial on November 7, 8, 9, and 10, 2017 wherein Kennedy was found guilty of the charges and specifications. (Nov. 10, 2017 Tr., Vol. VII, at 966-977); (Dec. 21, 2017 Tr. at 3); (Doc. Nos. 196, 197, 198, 199, 216, 255, 256, 257, 258, 259, 260, 261, 262). Following the trial, Kennedy filed a lengthy motion for acquittal, or alternatively, for a new trial which the trial court denied. (Doc. Nos. 213, 214, 215, 216, 217, 219).

{**¶4**} Kennedy was sentenced on December 21, 2017 wherein the trial court merged her murder and felonious assault convictions for the purposes of sentencing. (Doc. Nos. 218, 227). The State elected to proceed on the murder charge and specification, and the trial court sentenced Kennedy to serve a prison term of three years on the firearm specification and a consecutive-mandatory-indefinite-prison term of 15 years to life on the murder charge. (Dec. 21, 2017 Tr. at 3); (Doc. Nos. 227, 262).

{**¶5**} Thereafter and on January 12, 2018, Kennedy filed her first notice of appeal.[1] (Doc. No. 223, 233, 236, 237, 238, 239, 242, 248, 251). On October 15, 2018, we affirmed her convictions. (Doc. No. 264).

{**¶6**} On March 22, 2019, Kennedy petitioned the trial court for postconviction relief under R.C. 2953.21. (Doc. No. 271). The State filed a memorandum in opposition to Kennedy's petition and a motion for summary judgment on April 1, 2019. (Doc. Nos. 274, 275). Then, Kennedy filed a memorandum in opposition to the State's motion for summary judgment on May 15, 2019. (Doc. No. 281). The trial court granted the State's motion for summary judgment on June 11, 2019. (Doc. No. 282). Importantly, Kennedy did not timely appeal the trial court's order on summary judgment.

---

[1] This court recited much of the factual and procedural background of this case in a previous appeal, and we will not duplicate those efforts here. *See*, *State v. Kennedy*, 3d Dist. Logan No. 8-18-01, 2018-Ohio-4172, *appeal not accepted*, 154 Ohio St.3d 1510, 2019-Ohio-601.

{¶7} However, on July 18, 2019, Kennedy filed a motion for relief from judgment under Civ.R. 60(B). (Doc. No. 285). The State filed a memorandum in opposition to Kennedy's 60(B) motion on July 22, 2019. (Doc. No. 286). Ultimately, the trial court denied Kennedy's motion on August 9, 2019. (Doc. No. 288).

{¶8} On August 19, 2019, Kennedy filed a notice of appeal. (Doc. Nos. 290, 291, 292, 293). She raises one assignment of error for our review.

### Assignment of Error

**The trial court erred by denying Mrs. Kennedy's motion for relief from judgment without a hearing. Civ.R. 60(B)(1); Sixth and Fourteenth Amendments to the United States Constitution; Judgment Entry (Aug. 9, 2019), Apx. A-1.**

{¶9} In her assignment of error, Kennedy argues that the trial court erred by failing to grant her motion for relief from judgment under Civ.R. 60(B). Specifically, she argues that the trial court should have vacated or reentered its June 11, 2019 judgment so Kennedy could *timely* appeal the denial of her postconviction-relief action. We disagree.

*Standard of Review*

{¶10} Ordinarily, we will not disturb a trial court's ruling on "[a] motion for relief from judgment under Civ.R. 60(B) * * * on appeal absent a showing of abuse of discretion." *Internatl. Bd. of Elec. Workers v. City Elec., L.L.C.*, 3d Dist. Van Wert No. 15-08-13, 2009-Ohio-2433, ¶ 11-12, citing *Griffey v. Rajan*, 33 Ohio St.3d

-4-

75, 77, (1987). However, under the facts presented, the trial court determined that Kennedy's Civ.R. 60(B) motion was "an improper application of the rule and [was] not within the [trial c]ourt's power to grant." (Doc. No. 288). That is—the trial court determined that a Civ.R. 60(B) motion cannot be used to revive Kennedy's lost appeal where there are no substantive grounds for relief, which represents a question of law. (*See id.*). We review questions of law de novo. *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313 (1996), citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995) and *Ohio Bell Tel. Co. v. Pub. Util. Com.*, 64 Ohio St.3d 145, 147 (1992). *See also State v. Vinson*, 11th Dist. Lake No. 2015-L-138, 2016-Ohio-7839, ¶ 15, (applying de novo-standard-of review to Vinson's attempt to revive his lost appeal).

*Analysis*

{¶11} Postconviction-relief actions filed under R.C. 2953.21 are civil proceedings. *State v. Stolzenburg*, 3d Dist. Auglaize Nos. 2-99-09, 2-99-34, 2-99-10, and 2-99-32, 2000-Ohio-1682, *2 (Mar. 31, 2000), *appeal not allowed*, 90 Ohio St.3d 1402 (2000), citing *State v. Nichols*, 11 Ohio St.3d 40, 42 (1984). Accordingly, the Ohio Rules of Civil Procedure govern the postconviction-relief procedures. *Id.* Since Kennedy's postconviction-relief action is civil, and because she failed to *timely* file her notice of appeal under App.R. 3 and 4(A) of the June 11, 2019 judgment entry denying her postconviction relief, Kennedy appeared to have

Case No. 8-19-44

no remedy under App.R. 5(A) to seek a delayed appeal from this court.[2]

Consequently, her trial counsel filed a motion for relief from judgment under Civ.R.

60(B) in order to appeal the trial court's summary-judgment order. (Doc. No. 287).

{¶12} Civ. R. 60(B) provides in its pertinent parts:

> On motion * * * the court may relieve a party or his legal representative from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time * * * not more than one year after the judgment * * * was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

Civ.R. 60(B). *See also Vinson* at ¶ 14, citing Civ.R. 60(B). To prevail on a 60(B)

motion,

> the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976),

paragraph two of the syllabus. "All three elements must be established, and 'the

test is not fulfilled if any one of the requirements is not met.'" *ABN AMRO Mtge.*

---

[2] As an avenue, App.R. 5(A)(1)(a) and (A)(2) regarding appeals in criminal proceedings would seem to bar recourse to Civil Rule 60(B) for this purpose given the nature of the action is civil. *State v. Boddie*, 10th Dist. Franklin No. 19AP-187, 2019-Ohio-4073, ¶ 10. "Meanwhile, the rules as applicable to civil cases, on their own or as applicable through Criminal Rule 57, do not provide for delayed appeal." *Id.*, citing *State ex rel. Perotti v. Altiere,* 11th Dist. Trumball No. 2004-T-0141, 2005-Ohio-1578, ¶ 3. *See also Scaccia v. Fidelity Investments*, 2d Dist. Greene No. 2018-CA-5, 2019-Ohio-50, ¶ 32; *Eschack v. Eschack*, 9th Dist. Summit No. 15490, 1992 WL 204760, *2 (Aug. 19, 1992).

*Group, Inc. v. Jackson*, 2d Dist. Montgomery No. 20459, 2005-Ohio-297, ¶ 11, quoting *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994), citing *GTE Automatic Elec., Inc.* at 151, and *Fifth Third Bank of W. Ohio v. Shepard Grain Co., Inc.*, 2d Dist. Miami No. 2003 CA 40, 2004-Ohio-1816, 2004 WL 758401, ¶ 10, quoting *Pelton* at 174.

{¶13} After a review of the record in this case, we cannot say that the trial court erred by denying Kennedy's Civ.R. 60(B) motion without a hearing. Specifically, Kennedy's motion for relief did not challenge the trial court's summary-judgment entry, but instead claimed that Kennedy's counsel's failure to timely file an appeal was predicated on excusable neglect and relief which was necessary for the sole purpose for Kennedy to appeal the trial court's summary-judgment order. Here, as in *Vinson*, the focus is on the question of timing of the notice of appeal, and not an issue of substantive grounds. *Vinson* at ¶ 19. *Boddie* at ¶ 9, citing *Vinson* at ¶ 19. Moreover, we cannot conclude that the trial court erred in declining to provide Kennedy an alternative route to accomplish a delayed appeal because the statutory-time-frame limitations for filing appeals are mandatory and jurisdictional. *Vinson* at ¶ 18. This court does not have jurisdiction to entertain civil appeals that are not timely filed. *See, e.g., Sterling v. Ashtabula Cty. Pros.*, 11th Dist. Ashtabula No. 2006-A-0022, 2006-Ohio-4421, ¶ 7.

> In *Vinson*, for example, 'trial court determined it did not have authority to grant the [60(B) ] relief requested, as appellant was asking

the court to vacate [an earlier] judgment in order to "reset the clock" and allow him to file a *timely* appeal.'

* * *

'Appellant is attempting to use the Civ.R. 60(B) motion as a means to extend the time for perfecting an appeal, which is not permitted under Ohio law.' *Id.* at ¶ 16, citing *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998) (which in a different context had observed that a "Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment").

(Emphasis added.)  *Boddie* at ¶ 11, quoting *Vinson* at ¶ 11.  We conclude that Kennedy is attempting to use Civ.R. 60(B) to seek review of an order where appeal was not properly perfected.

{¶14} Notwithstanding the foregoing, a trial court can vacate its own judgment "for a valid reason on the record that falls within the guidelines of Civ.R. 60(B), even if the effect is to extend" the time for perfecting appeal.  *Steadley v. Montanya*, 67 Ohio St.2d 297, 299 (1981).  However, here "t[he trial court had previously found] that, on the face of the record, the evidence offered by [Kennedy] fail[ed] to demonstrate substantive grounds for relief."  (Doc. No. 282 at 6).  *Compare with GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus (to prevail on 60(B) motion, party must demonstrate meritorious defense or claim if relief granted).  Under the facts presented, Kennedy advanced no meritorious claim or defense different from those previously asserted to the trial court as her 60(B) focus was to extend the time for

appeal. *Steadley* at 299, (concluding that the trial court' oral promise to Montanya to hold an evidentiary hearing was a valid basis under the guidelines of Civ.R. 60(B) to vacate its prior judgment notwithstanding the ancillary effect of extending the time for appeal). As such, Kennedy's assignment of error is without merit, and accordingly, overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in her assignment of error, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**