[Cite as *Baronzzi v. Gamble*, 2023-Ohio-894.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

CELESTE M. BARONZZI,

Plaintiff-Appellant/Cross-Appellee,

v.

JOHN E. GAMBLE,

Defendant-Appellee/Cross-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 2021 CO 32

---

Appeal from the
Court of Common Pleas, Domestic Relations Division, of Columbiana County, Ohio
Case No. 2019 DR 00056

**BEFORE:**
Mike Powell, Robert A. Hendrickson, Matthew R. Byrne, Judges.

---

**JUDGMENT:**
Affirmed in part, Reversed in part, and Remanded.

---

*Atty. Tracey A. Laslo; Atty. Michael Partlow*, 325 E. Main Street, Alliance, Ohio 44601, for Plaintiff-appellant and cross-appellee.

Roth, Blair, Roberts, Strasfeld & Lodge, and *Atty. Christopher P. Lacich*, 100 E. Federal Street, Suite 600, Youngstown, Ohio 44503, for Defendant-appellee and cross-appellant.

Dated:  March 10, 2023

---

**BYRNE, J.**

{¶1}    Appellant, Celeste M. Baronzzi, and Cross-Appellant, John E. Gamble, who were previously married, obtained a final decree of divorce from the Columbiana County Court of Common Pleas, Domestic Relations Division.[1]  John later filed a motion to terminate or modify the spousal support terms set forth in the divorce decree.  Celeste soon thereafter filed a Civ.R. 60(B) motion for relief from the final decree of divorce.  Celeste's motion sought equitable division of a payout of John's unused hours of sick and vacation leave time ("sick/vacation benefits") he received upon his retirement, after the divorce decree became final.  The domestic relations court denied both parties' motions in a single decision.  Celeste and John both appealed from the domestic relations court's order denying their respective motions.  For the reasons described below, we affirm the domestic relations court's denial of Celeste's Civ.R. 60(B) motion, reverse the trial court's finding that the sick/vacation benefits constituted income to John, and remand for further proceedings with respect to John's motion to terminate or modify the terms of spousal support.[2]

### I. Factual and Procedural Summary

### A. The Divorce and the Divorce Decree

---

1. For the purpose of clarity, appellant and appellee/cross-appellant will be referred to by their first names. *See Nationwide Ins. Co. v. Alli*, 178 Ohio App.3d 17, 2008-Ohio-4318, 896 N.E.2d 742, ¶ 3 (7th Dist.).

2. The then-Chief Justice of the Ohio Supreme Court assigned this panel—three elected judges of the Twelfth District Court of Appeals—to preside in the Seventh District Court of Appeals for the purposes of hearing this appeal and concluding any proceedings.  *See* Ohio Constitution, Article IV, Section 5(A)(3); Supreme Court of Ohio Guidelines for Assignment of Judges, Section 501(A)(1).

{¶2}   Celeste and John married in 1993.  Two children were born of the marriage, both of whom are now emancipated.  Celeste filed for divorce in 2019.

{¶3}   In August 2020, the domestic relations court issued a decree of divorce dividing the parties' marital property.  Among other terms, the decree provided that John would pay Celeste $3,300 per month in spousal support.  The court based the spousal support award on a disparity in income.  Specifically, at the time, John earned $130,000 per year through his occupation as the chief assistant prosecutor for the Columbiana County Prosecutor's Office.  Celeste, on the other hand, had never earned more than $12,000 per year during the marriage.  Celeste also had limited income potential and medical issues.

**B. Loss of Election, Sick/Vacation Benefits Payout, and Post-Decree Motions**

{¶4}   During the time the divorce was pending, John ran as a candidate for Columbiana County Prosecuting Attorney.  The election, which was contested, occurred in November 2020, two months after the court issued the final divorce decree.  John lost the election to another candidate.

{¶5}   In December 2020, John moved to terminate or modify the spousal support award set forth in the divorce decree, based on an anticipated change in income.  John noted his election loss and indicated that he intended to retire from his employment with the Columbiana County Prosecutor's Office.

{¶6}   In February 2021, Celeste moved for relief from judgment—that is, relief from the divorce decree—pursuant to Civ.R. 60(B).  Celeste alleged that John had received approximately $96,000 upon his retirement from the prosecutor's office, which monies represented a payout of John's sick/vacation benefits.  Celeste argued that the

sick/vacation benefits were earned during the marriage, were marital property, and were subject to equitable division. Celeste claimed that John, in violation of R.C. 3105.171(E), willfully failed to disclose the existence of the sick/vacation benefits during the divorce.

{¶7} Civ.R. 60(B) permits relief from judgment when one or more scenarios described in several subsections of the rule—that is, Civ.R. 60(B)(1) to (5)—are satisfied. Celeste identified two subsections that she argued applied. First, Celeste sought relief from judgment under Civ.R. 60(B)(2), which allows relief from judgment based on newly discovered evidence. Celeste argued that she had no way of discovering the sick/vacation benefits prior to the final decree because John failed to reveal the sick/vacation benefits in response to various discovery requests related to his employment benefits. Celeste argued that John provided evasive or vague discovery responses. Celeste further argued that John failed to reveal the sick/vacation benefits in his affidavit of property or affidavit of income and expense.

{¶8} Next, Celeste argued she possessed grounds for relief from judgment under Civ.R. 60(B)(3), which allows for relief from judgment based on fraud, misrepresentation, or other misconduct. In this regard, Celeste stated that John was a licensed attorney, that he was aware of his duty to disclose all marital assets, and that he intentionally concealed the sick/vacation benefits during the divorce.

### C. Post-Decree Motions Hearing

{¶9} The parties appeared before the domestic relations court for a hearing. At the start of the hearing, the domestic relations court noted for the record that the parties had agreed during pre-hearing discussions that the amount in dispute concerning John's sick/vacation benefits payout was $96,102.90. The parties further agreed that John had

received approximately $50,000 of that amount after ordinary payroll deductions.

### 1. Testimony of John Gamble

{¶10} John testified that he was previously employed as the chief assistant prosecuting attorney of the Columbiana County Prosecutor's Office. The elected prosecutor decided not to run for reelection, and John became his political party's candidate for prosecutor. After he lost the election to another candidate, John knew he would not be able to keep his job due to the bitterness of the election. He decided to retire from the prosecutor's office. His last day working at the prosecutor's office was December 31, 2020.

{¶11} John testified that while the divorce was ongoing he had never considered the sick/vacation benefits as an asset with value. He knew he had the benefits but understood them simply as ensuring a stream of income if he was sick or if he took vacation. John conceded that he received statements at work that indicated the amount of sick/vacation time that he had accrued. However, the statements only indicated the number of hours he had available. The statements did not specify what the accrued hours were worth monetarily, and did not indicate their monetary value as a payout at retirement.

{¶12} John testified he first realized he was entitled to a cash payout for his unused sick/vacation benefits when the office manager came into his office sometime in December 2020, after he had announced his retirement. The officer manager told him he was going to get a "severance check." John asked her the amount. Because the office door was open, she whispered $90,000. So that he would not have to repeat that figure out loud, he wrote "9" with a question mark on it. He believed she might have meant $9,000. She said no and wrote out the figure.

Case No. 2021 CO 32

**{¶13}** John testified that after leaving the prosecutor's office he found new employment as an assistant law director with East Liverpool, Ohio, and as a solicitor with the village of Wellsville, Ohio. His new combined salary between these two jobs was $47,000. Thus, John was earning approximately $83,000 less per year than he had earned when he was chief assistant prosecuting attorney.

### 2. Office Managers' Testimony

**{¶14}** Celeste called the former and current office managers of the prosecutor's office to testify. In summary, their testimony revealed that sick leave and vacation day benefits could not be cashed out while an employee was still employed. Instead, those benefits were available to ensure that an employee's stream of income continued while the employee was either out sick or on vacation.

**{¶15}** The office managers further explained that sick/vacation benefits could only be paid out in cash upon separation from employment. Employees who quit or otherwise did not retire from the office were entitled to payout of their unused vacation time, but not their unused sick time. Employees who retired, on the other hand, were entitled to payouts for both unused sick time and unused vacation time. Employees were entitled to payout of all unused vacation hours, up to a maximum number of hours. The amount paid for sick time was based on a statute. The office managers testified that they provided employees with a written statement of the status of their accrued sick/vacation hours approximately 5-10 times a year.

**{¶16}** The current office manager testified that after John announced his retirement, she provided him with a form so that he could receive a payout of his unused sick/vacation benefits. The manager recalled that John seemed surprised when she

informed him of the amount of the benefit.

### 3. Testimony of Celeste Baronzzi

{¶17} Celeste testified that she was aware that John had sick/vacation benefits while he was employed by the Columbiana County Prosecutor's Office. Celeste stated that during the divorce she had not asked her attorney to request how many hours of sick and vacation pay John had accumulated.

### D. The Domestic Relations Court's Decision

{¶18} The domestic relations court issued a written decision in which it denied Celeste's Civ.R. 60(B) motion for relief from judgment. The court also found that John's motion to terminate or modify spousal support was "premature," and on that basis denied John's motion. We will address the domestic relations court's analysis more fully below.

{¶19} Celeste appealed, raising two assignments of error. John cross-appealed, raising three assignments of error.

### II. Law and Analysis

### A. Celeste's Appeal

{¶20} Celeste's Assignment of Error No. 1 states:

THE TRIAL COURT COMMITTED REVERS[I]BLE ERROR IN FINDING THAT THE $96,102.90 OF ACCUMULATED BENEFITS THAT APPELLEE ACCRUED DURING THE PARTIES' MARRIAGE CONSTITUTED INCOME TO THE APPELLEE FOR YEAR 2021 RATHER THAN A MARITAL ASSET.

{¶21} Celeste's Assignment of Error No. 2 states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN HOLDING THAT THE APPELLEE COULD NOT HAVE CONCEALED THE $96,102.90 IN ACCUMULATED BENEFITS BECAUSE IT WAS "COMMON KNOWLEDGE" THAT SUCH BENEFITS WERE AVAILABLE WHEN BOTH PARTIES TESTIFIED THAT THEY WERE UNAWARE OF THE BENEFITS.

{¶22} Celeste does not explicitly assign as error the domestic relations court's denial of her Civ.R. 60(B) motion for relief from judgment. Instead, Celeste's two assignments of error each concern *specific findings* the domestic relations court reached in the course of its analysis of Celeste's Civ.R. 60(B) motion. The domestic relations court made these findings in the context of what appears to have been its application of the test set forth in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).[3] In *GTE*, the Ohio Supreme Court held that,

> [t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*Id.* at paragraph two of the syllabus. Because Celeste's assignments of error both relate to specific elements of the *GTE* test, we construe Celeste's assignments of error as challenging not only the specific findings they separately address, but the trial court's denial of her Civ.R. 60(B) motion for relief from judgment. Therefore, after concluding our analysis of Celeste's two assignments of error, we will explain how our resolution of those two assignments of error affects the overall question of whether the domestic relations court erred in denying Celeste's Civ.R. 60(B) motion for relief from judgment.

### 1. Standard of Review

{¶23} "The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion." *Paczewski v. Antero Resources*

---

3. We say "what appears to have been" because the domestic relations court did not cite to or mention *GTE*. Nevertheless, the court appears to have applied the analysis required by *GTE*.

*Corp.*, 7th Dist. Monroe No. 18 MO 0016, 2019-Ohio-2641, ¶ 27. "Abuse of discretion connotes more than an error of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable." *Allstate Ins. Co. v. Wilburn*, 7th Dist. Mahoning 21 MA 0079, 2022-Ohio-2026, ¶ 8.

**{¶24}** However, in this case, Celeste's argument in Assignment of Error No. 1 specifically concerns the domestic relations court's resolution of a legal question, namely, whether the sick/vacation benefits payout was post-divorce income or a marital asset. Because this question of law specifically relates to the first prong of the *GTE* test, we review that legal determination de novo. *Wells Fargo Bank, N.A. v. Stevens*, 7th Dist. Mahoning No. 12 MA 219, 2014-Ohio-1399, ¶ 13–18 (noting that "the overall standard for reviewing a ruling on a Civ.R. 60[B] motion is abuse of discretion" but applying de novo review to question of law relating to failure to satisfy elements of *GTE* test); *State v. Kennedy*, 9th Dist. Logan No. 8-19-44, 2020-Ohio-2989, ¶ 10 (noting abuse of discretion standard applicable to review of Civ.R. 60[B] decisions but applying de novo review to trial court's determination that Civ.R. 60[B] relief was not available where there were "no substantive grounds for relief"); *U.S. Bank Natl. Assn. v. Bartlett*, 11th Dist. Lake No. 2018-L-023, 2018-Ohio-4082, ¶ 13 (noting abuse of discretion standard applicable to review of Civ.R. 60[B] decisions but stating that "[t]o the extent that an issue of law is raised in relation to such motion, it is reviewed de novo"). As a result, we will apply de novo review to the legal argument made in support of Celeste's Assignment of Error No. 1, but we will apply an abuse of discretion review to the fact-based argument made in support of Celeste's Assignment of Error No. 2 and to the overall question of whether the domestic relations court erred in denying Celeste's Civ.R. 60(B) motion.

### 2. First Element of *GTE* Test and Celeste's Assignment of Error No. 1

{¶25}  The domestic relations court in its judgment entry addressed the nature of John's sick/vacation benefits payout.  The court noted the office managers' testimony indicating the purpose of sick/vacation benefits was to ensure an employee's stream of income would be unaffected by taking time off work until those benefits were exhausted.  The court further noted  that those benefits, when used during employment, were treated as income earned by an active-duty employee, and taxed as such.  The court found that the sick/vacation benefits could only be used for their specified purposes during employment and could not otherwise be "cashed out" early while the employee remained employed.  Instead, the benefits could only be converted to a cash payout at the end of employment.  Based on the foregoing, the court determined that the payout of John's sick/vacation benefits was "income" earned after the marriage terminated and was therefore not a marital asset subject to equitable division.

{¶26}  Celeste contends in Assignment of Error No. 1 that the domestic relations court erred in construing the sick/vacation benefits payout as income to John after the marriage.  She argues that the benefits payout was a retirement benefit that John earned during the marriage, and therefore it was marital property subject to equitable division.

{¶27}  Though the domestic relations court did not identify the portion of the *GTE* test to which the analysis described above relates, it is evident that the court's analysis and Celeste's Assignment of Error No. 1 concern the first element of the *GTE* test—that is, whether Celeste "has a meritorious defense or claim to present if relief [from judgment] is granted."  *GTE*, 47 Ohio St.2d at paragraph two of the syllabus, 351 N.E.2d 113.

### b. Analysis

{¶28} In divorce proceedings, "the court shall * * * determine what constitutes marital property and what constitutes separate property." R.C. 3105.171(B). Once the court has determined the nature of that property, the court must divide the marital property equitably between the spouses. *Lunger v. Lunger*, 7th Dist. Columbiana No. 16 CO 0026, 2017-Ohio-9008, ¶ 9. Marital property includes:

> (i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;

> (ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage* * *[.]

R.C. 3105.171(A)(3)(a).

{¶29} Multiple Ohio district courts of appeals have found that sick leave benefits are marital property subject to equitable division under R.C. 3105.171(A)(3)(a)(ii). *Bergman v. Bergman*, 2d Dist. Montgomery No. 25378, 2013-Ohio-715, ¶ 13; *Lichtenstein v. Lichtenstein*, 8th Dist. Cuyahoga No. 108854, 2020-Ohio-5080, ¶ 40; *Young v. Young*, 10th Dist. Franklin No. 12AP-854, 2013-Ohio-2568, ¶ 16; *Weller v. Weller*, 11th Dist. Geauga No.2004-G-2599, 2005-Ohio-6892, ¶ 21; *Yates v. Yates*, 12th Dist. Preble Nos. CA2004-07-010 and CA2004-07-011, 2006-Ohio-743, ¶ 17. The rationale as described in these cases is that sick leave benefits, paid at retirement, are akin to deferred bonus payments or pension plan accumulations, which are essentially deferred compensation for services rendered during the marital term. *See Herrmann v. Herrmann*, 12th Dist. Butler Nos. CA99-01-006 and CA99-01-011, 2000 WL 1671045, *10 (Nov. 6, 2000); *Lichtenstein* at ¶ 40; *Young* at ¶ 16; *Weller* at ¶ 18. Multiple districts have also found that

the same rationale applies to accrued vacation leave benefits paid out upon retirement. *Bergman* at ¶ 13; *Lichtenstein* at ¶ 40; *Young* at ¶ 16.

{¶30} In his appellee's brief, John distinguishes the above cited cases by arguing that all involved claims concerning leave benefits that were raised for the first time in an appeal from the divorce decree. That is, John argues that the fact that this matter was first raised in a post-decree setting makes this a different factual circumstance rendering the holdings of those cases inapplicable. John does not articulate the logic behind this argument, other than to point out the distinguishing fact. We find no merit to John's argument.

{¶31} We agree with the reasoning of the foregoing authority. John had a valuable monetary interest in the sick/vacation benefits, which interest he acquired by working during the marriage. That interest constituted a benefit to him payable upon retirement. Thus, the sick/vacation benefits fit squarely within the definition of marital property as set forth in R.C. 3105.171(A)(3)(a)(ii). *See Bergman* at ¶ 13; *Lichtenstein* at ¶ 40; *Young* at ¶ 16. The domestic relations court erred in holding that the sick/vacation benefits payout was mere post-divorce income to John. Celeste demonstrated a meritorious claim to present if Civ.R. 60(B) relief were granted, thus satisfying the first element of the *GTE* test. *GTE*, 47 Ohio St.2d at paragraph two of the syllabus, 351 N.E.2d 113.

{¶32} However, because Celeste's Assignment of Error No. 1 only concerns the first element of the *GTE* test, and Celeste's Assignment of Error No. 2 concerns the second element of that test, we will turn to Assignment of Error No. 2 before determining how our holding with respect to Assignment of Error No. 1 affects the disposition of this case.

Case No. 2021 CO 32

## 2. Second Element of *GTE* Test and Celeste's Assignment of Error No. 2

{¶33}  In the judgment entry, the domestic relations court found that Celeste failed to prove that John concealed the sick/vacation benefits during the divorce.  In so finding, the court observed that it is common knowledge that public employees receive sick/vacation benefits and that Celeste had even admitted her knowledge of John's benefits.  The court found that Celeste neglected to inquire into the sick/vacation benefits during the divorce and that her failure to do so was not equivalent to John concealing the benefits.

{¶34}  In her Assignment of Error No. 2, Celeste argues that the domestic relations court ignored "undisputed facts" showing that John concealed his sick/vacation benefits from her during discovery in the divorce proceedings.  Celeste challenges the domestic relation court's finding that it is "common knowledge" that public employees receive paid sick and vacation time.  Celeste also argues that it was not her burden to uncover the sick/vacation benefits during discovery and cites R.C. 3105.171(E)(3), which provides that "[t]he court shall require each spouse to disclose in a full and complete manner all marital property, separate property, and other assets, debts, income, and expenses of the spouse."

{¶35}  Though the domestic relations court did not identify the portion of the *GTE* test to which the analysis described above relates, it is evident that the court's analysis and Celeste's Assignment of Error No. 2 concern the second element of the *GTE* test— that is, whether Celeste "is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)."  *GTE*, 47 Ohio St.2d at paragraph two of the syllabus, 351 N.E.2d 113.  Even more specifically, Celeste's argument relates to Civ.R. 60(B)(3), which allows

for relief from judgment based on fraud, misrepresentation, or other misconduct.

{¶36} A domestic relations court has broad discretion in determining whether a spouse has failed to disclose marital property during a divorce or otherwise committed financial misconduct. *See Plymire v. Plymire*, 7th Dist. Noble No. 17 NO 0443, 2018-Ohio-2786, ¶ 77; *Carpenter v. Carpenter*, 7th Dist. Noble No. 06-NO-331, 2007-Ohio-1238, ¶ 14 (both cases addressing allegations of financial misconduct during the divorce under R.C. 3105.171[E]).

{¶37} At the hearing, John testified that he never thought about sick/vacation benefits as having any value while the divorce was proceeding. He viewed these as benefits during his employment, which would ensure that his income would continue if he took sick or vacation days. John further confirmed he would not have disclosed the sick/vacation benefits in response to certain "catch-all" interrogatories and requests for production concerning his claimed separate property, his income, assets, and retirement benefits. John testified that he viewed those requests regarding his retirement benefits as relating to his public employee pension plan and testified that he had disclosed all matters relating to that plan.

{¶38} The domestic relation court's determination here relied in part on its assessment of John's credibility. The domestic relations court is in a better position than this court to assess credibility. *See State v. Hamlett*, 191 Ohio App.3d 397, 2010-Ohio-6605, 946 N.E.2d 277, ¶ 24 (7th Dist.). We may find it curious that an attorney with 30 years of experience as a public employee would be unaware that he was entitled to a payout of unused vacation and sick leave upon retirement. However, there is some support for this contention in the record. The current officer manager testified that she

was previously a secretary for many years at the prosecutor's office and was unaware of the benefit until she became the office manager in 2017.

{¶39} Regardless, the testimony and other evidence also could support the conclusion that John simply did not think of the sick/vacation benefits as a retirement asset he needed to disclose during the divorce. This would be consistent with Celeste's own treatment of the matter. She admitted that she was aware of John's sick/vacation benefits but did not request that her attorney inquire as to the hours that John had accumulated.

{¶40} Upon review, there is no evidence in the record that would enable us to conclude that the court abused its discretion in finding that John did not conceal the sick/vacation benefits.[4] Celeste failed to provide evidence that would establish that John engaged in fraud, misrepresentation, or other misconduct in a manner that would allow her to establish a ground for relief under Civ.R. 60(B)(3).

{¶41} Likewise, Celeste has not established a ground for relief under Civ.R. 60(B)(2), the other ground she identified in her Civ.R. 60(B) motion. Civ.R. 60(B)(2) allows for relief from judgment based on newly discovered evidence. The domestic

---

4. Celeste argued in her Civ.R. 60(B) motion that John's actions violated R.C. 3105.171(E)(5), which provides that,

> If a spouse has substantially and willfully failed to disclose marital property, separate property, or other assets, debts, income, or expenses as required under division (E)(3) of this section, the court may compensate the offended spouse with a distributive award or with a greater award of marital property not to exceed three times the value of the marital property, separate property, or other assets, debts, income, or expenses that are not disclosed by the other spouse.

The burden of proving a substantial and willful failure to disclose marital property under R.C. 3105.171(E)(5) is on the complaining spouse. *See Plymire*, 2018-Ohio-2786, at ¶ 79. On appeal, Celeste did not make her R.C. 3105.171(E)(5) argument or argue that the trial court made any error with respect to that argument. In any event, our analysis regarding the domestic relations court's concealment finding would seem to apply equally to an analysis under R.C. 3105.171(E)(5).

relations court appears to have addressed Civ.R. 60(B)(2) in its judgment entry when it found that Celeste "knew of those benefits." Celeste made no argument to the contrary on appeal.

### 3. Disposition of Celeste's Appeal

{¶42} Having addressed the issues raised by Celeste's two assignments of error, we turn to the question of how our resolution of those issues affects the overall question of whether the domestic relations court erred when it denied Celeste's Civ.R. 60(B) motion for relief from judgment. As mentioned above, the Ohio Supreme Court has held that,

> [t]o prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE,* 47 Ohio St.2d at paragraph two of the syllabus, 351 N.E.2d 113.

{¶43} The first part of the *GTE* test requires a court to determine whether the party seeking Civ.R. 60(B) relief has a "meritorious defense or claim to present if relief is granted." *Id.* Because we have determined that the domestic relations court erred when it determined that the sick/vacation benefits payout was income, and that the payout was in fact a marital asset, Celeste satisfied the first element of the *GTE* analysis. *Id.*

{¶44} The second element of the *GTE* test requires a court to determine whether the party seeking Civ.R. 60(B) relief "is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)." *Id.* In her Civ.R. 60(B) motion, Celeste only argued that two of those grounds applied: Civ.R. 60(B)(2) and Civ.R. 60(B)(3). For the reasons stated above, Celeste cannot establish either of those grounds for relief. Because all elements

of the *GTE* test must be met for a party to prevail on a Civ.R. 60(B) motion, Celeste's failure to establish the second element of the *GTE* test was dispositive and the domestic relations court did not err and did not abuse its discretion in denying Celeste's Civ.R. 60(B) motion.[5]

{¶45}  We sustain Celeste's Assignment of Error No. 1, but we find that the court's error does not entitle Celeste to reversal of the domestic relations court's decision.  We overrule Celeste's Assignment of Error No. 2 and affirm the domestic relations court's decision denying Celeste's Civ.R. 60(B) motion.[6]

### B. John's Cross-Appeal

{¶46}  John's Cross-Assignment of Error No. 1 states:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO TAKE INTO CONSIDERATION THAT THE LUMP SUM RECEIVED IN 2021 BY DEFENDANT AS INCOME WAS A NON-RECURRING SOURCE OF INCOME ENTITLING HIM TO A TERMINATION/MODIFICATION OF SPOUSAL SUPPORT AT THE TIME OF POST-DIVORCE HEARING, AGAINST THE MANIFEST WEIGHT OF EVIDENCE.

{¶47}  John's Cross-Assignment of Error No. 2 states:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT RULED THAT DEFENDANT'S MOTION TO TERMINATE/MODIFY SPOUSAL SUPPORT WAS PREMATURE, WHEN DEFENDANT HAD LOST HIS EMPLOYMENT AS CHIEF PROSECUTOR BY REASON OF AN ELECTION AND WAS EARNING APPROX. $83,000 LESS PER ANNUM

---

5. Given our analysis above, we need not examine the third element of the *GTE* test.

6. We note that in *Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723, 136 N.E.3d 460, the Ohio Supreme Court addressed the interplay of Civ.R. 60(B) and R.C. 3105.171(I).  The statute provides that "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses."  R.C. 3105.171(I).  The Ohio Supreme Court concluded that "Civ.R. 60(B) cannot be used to alter the statutory requirements for the modification of a decree.  Because R.C. 3105.171(I) does not permit modification absent the consent of both parties, Civ.R. 60(B) cannot provide a workaround."  *Id.* at ¶ 23.  Neither Celeste nor John addressed—either below or on appeal—the impact of *Walsh* on Celeste's Civ.R. 60(B) motion.  Likewise, the domestic relations court did not mention *Walsh* in its judgment entry.  We need not address the impact of *Walsh* because we have determined that Celeste was not entitled to Civ.R. 60(B) relief.

IN THE LEGAL PROFESSION, AGAINST THE MANIFEST WEIGHT OF EVIDENCE.

{¶48}  John's Cross-Assignment of Error No. 3 states:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO RESERVE THE DEFENDANT'S RIGHT TO RELIEF ON THE ISSUE OF SPOUSAL SUPPORT, NUNC PRO TUNC TO JANUARY 1, 2021, IF PLAINTIFF'S CLAIM THAT THE LUMP SUM RECEIVED BY DEFENDANT WAS MARITAL PROPERTY WAS TO PREVAIL ON APPEAL.

{¶49}  John's three assignments of error challenge various aspects of the domestic relations court's decision to deny his motion to terminate or modify spousal support.  We need not address the merits of John's specific arguments because our determination that the domestic relations court erred in finding that the sick/vacation benefits constituted John's 2021 income—rather than a marital asset—necessarily negates the domestic relation's courts determination that John's income for 2021 exceeded his income as set forth in the divorce decree.

{¶50}  We therefore sustain John's Cross-Assignment of Error No. 1.  We decline to address John's Cross-Assignments of Error Nos. 2 and 3 because they are rendered moot by our resolution of his Cross-Assignment of Error No. 1.  App.R. 12(A)(1)(c).  On remand, the domestic relations court may assess John's request for a modification of spousal support for the appropriate time period based upon our determination.  We make no comment or suggestion on how the domestic relations court should decide John's motion.

### III. Conclusion

{¶51}  John's sick/vacation benefits payout was a marital asset because it constituted an interest in a retirement benefit acquired during the marriage.  We sustain

Celeste's Assignment of Error No. 1 but we find that the court's error does not entitle Celeste to reversal of the domestic relations court's decision. We overrule Celeste's Assignment of Error No. 2 because the domestic relations court did not abuse its discretion when it found that John did not conceal the sick/vacation benefits payout during the divorce proceedings. The domestic relations court did not err in denying Celeste's Civ.R. 60(B) motion for relief from judgment. And because the court erred in concluding that the 2021 payout for sick/vacation benefits was 2021 income, we sustain John's Cross-Assignment of Error No. 1 and reverse the trial court's finding to that effect. We remand for reconsideration of John's request for a modification of spousal support.

{¶52} Judgment affirmed in part, reversed in part, and cause remanded.

M. Powell, J., concurs.

Hendrickson, J., concurs.

Case No. 2021 CO 32

———————————

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is sustained and her second assignment of error is overruled. Cross-Appellant's first cross-assignment of error is sustained and his remaining assignments are moot. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Domestic Relations, of Columbina County, Ohio, is reversed as to the finding that the sick/vacation benefits constitute income and we hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. As to the denial of Appellant's Civ.R. 60(B) motion, and in all other respects, the judgment of the trial court is hereby affirmed. Costs to be taxed 50% to Appellant and 50% to Cross-Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

———————————

**JUDGE MIKE POWELL**
**12TH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

———————————

**JUDGE ROBERT A. HENDRICKSON**
**12TH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

———————————

**JUDGE MATTHEW R. BYRNE**
**12TH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**